40784.    RINKER et al. v. SPARKS et al.

DECIDED JUNE 12, 1964.

811

Thurmond, Hester, Jolles & McElmurray, Thomas R. Burnside, Jr., for plaintiffs in error.

Randall Evans, Jr., contra.

EBERHARDT, Judge. ■ Headnote 1 needs no amplification,

but we suggest a reading of Weihofen, *Word-Watching for Lawyers*, 50 ABA Journal 663 (July 1964), and the references on the subject in *MacIntyre v. Zac-Lac Paint &c. Co.*, 107 Ga. App. 807 (131 SE2d 640). The motion to dismiss the bill of exceptions is denied.

■ If one stands in need of relief from uncertainty and insecurity with respect to his rights, status and other legal relations, declaratory judgment is an appropriate remedy, for he then occupies a position similar to that referred to in Isaiah 59:9: "Therefore is judgment far from us, neither doth justice overtake us: we wait for light, but behold obscurity; for brightness, but we walk in darkness." The Supreme Court has held that "the declaratory judgment law permits one who is walking in the dark to turn on a light to ascertain where he is and where he is going . . . However, one walking in full daylight, who knows where he is going and is confident of the course he is pursuing, has no need either of artificial light or judicial advice." *Venable v. Dallas*, 212 Ga. 595 (94 SE2d 416).

The question sought to be resolved here is neither one of law nor of the construction of some ambiguous or obscure provision of the contract; it is purely one of fact, *i.e.*, whether the rent was in default at the time demand was made by the lessors for possession of the premises. Obviously a resolution of that question would be determinative of the issues made by the petition here as well as those which would arise in a dispossessory proceeding, where the relief here sought is available. Under the facts alleged the rights of the parties have accrued. The sustaining of the general demurrer was proper.

*Judgment affirmed. Bell, P. J., and Jordan, J., concur.*