## 54636. HOBGOOD v. BLACK et al.

BANKE, Judge.

The appellant, Winfred Hobgood, filed a declaratory judgment suit against Nannie L. Black, the appellee, and against Dorothy Rene Black, individually and as next friend of Tommy Lee Black, Jr., in order to determine who was the proper party to sue for the wrongful death of Tommy Lee Black, Sr. He also sought an injunction against further prosecution of both Blacks' pending lawsuits against him. Dorothy Black admitted that an actual controversy existed as to who was the proper party to sue, and she is not a party to this appeal. Appellee Nannie Black filed a motion to dismiss, which motion was granted by the trial judge.

On appeal the appellant argues that the trial court erred in granting Nannie Black's motion to dismiss.

1. Upon consideration of appellant's petition for declaratory and injunctive relief, the trial judge ordered the defendants to file answers to the petition on April 21 (30 days from the date of his order) and to appear in court on April 26 to show cause why they should not be restrained or enjoined as prayed in appellant's petition and why the other relief sought in the petition should not be granted. On May 18 the court entered its order dismissing appellant's complaint.

The appellant alleges that the trial judge erred in granting appellee Nannie Black's motion to dismiss since she was in default, her answer and motion to dismiss not having been filed until April 22.

The record shows that Nannie Black was not served with appellant's complaint until March 26, even though Dorothy Black was served on March 22. Under the service of summons, Nannie Black was required to file her answer within 30 days after service (i.e., on April 25). See Code Ann. § 81A-112 (a). The trial judge's order that answers be filed by April 21 was based upon the presumption that both Nannie Black and Dorothy Black would be served on the date of his order. The trial judge did not err, therefore, in considering appellee Nannie Black's answer and motion as they were timely filed under the law.

2. A declaratory judgment is appropriate in cases of

actual controversy in order "to declare rights and other legal relations of any interested party petitioning for such declaration." Code Ann. § 110-1101 (a). A party is interested within the meaning of the statute whenever he has a protectible interest and asserts an adverse claim on an accrued statement of facts. See *Brown v. Lawrence,* 204 Ga. 788 (51 SE2d 651) (1949); *Lott Invest. Corp. v. City of Waycross,* 218 Ga. 805 (129 SE2d 741) (1963).

In this case, both Nannie Black (the deceased's mother) and Dorothy Black (the deceased's alleged common-law wife) sued to recover damages for the deceased's wrongful death. Under the statutes the cause of action belongs to the surviving wife or children, but if there are none, then to the mother of the deceased. See Code Ann. §§ 105-1306, 105-1307. The appellant contends that it was error for the trial judge to dismiss the action since he had never admitted his liability for the wrongful death of Tommy Lee Black and since the defendants were at controversy over who owned the cause of action for wrongful death. The appellee argues that declaratory relief is inappropriate here since the uncertainty arises from a factual issue.

The fact that the dispute in a declaratory judgment action "turns upon questions of fact does not withdraw it from judicial cognizance. The legal consequences flow from the facts, and it is the province of the court to ascertain and find the facts in accordance with the rules prescribed in the Georgia Declaratory Judgments Act in order to determine the legal consequences." *Felton v. Chandler,* 75 Ga. App. 354, 363 (43 SE2d 742) (1947).

This is not a case where the uncertainty and possible prejudice to the appellant (through double liability) can be precluded by resolution of the factual issues in the litigation of appellee Nannie Black's now pending suit. See generally *Shippen v. Folsom,* 200 Ga. 58 (7) (35 SE2d 915) (1945). That is, the listing of Dorothy Black as a witness for the defense in Nannie Black's pending suit will not insure resolution of the issue of who is entitled to seek recovery for wrongful death since Dorothy Black cannot be bound by a determination of her status in a suit to which she was not a party.

There is also no merit in appellee Nannie Black's

450

argument that the appellant's claim is barred by laches since approximately 18 months had elapsed between the filing of both suits for wrongful death and the filing of appellant's complaint for declaratory relief. A petition for declaratory judgment is an action at law, and it is not converted into an equitable action simply because a temporary restraining order is granted in order to maintain the status quo pending adjudication. *Felton v. Chandler,* 201 Ga. 347 (2) (39 SE2d 654) (1946); *Ulmer v. State Hwy. Dept.,* 210 Ga. 513 (1) (81 SE2d 514) (1954). Because the complaint in this case is a suit at law, the equitable doctrine of laches has no applicability. *Columbus Bank &c. Co. v. Dempsey,* 120 Ga. App. 5 (2) (169 SE2d 349) (1969).

For the reasons stated above, we find that the trial judge erred in dismissing appellant's petition for declaratory relief.

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

Submitted October 11, 1977 — Decided January 4, 1978.

*Mundy & Gammage, William D. Sparks,* for appellant.

*Chance, Maddox & Jones, Howard W. Jones, Duffey & Sawhill, John E. Sawhill, III,* for appellees.