### 63206. ALLEN v. HIWASSEE LAND COMPANY.

POPE, Judge.

This case involves a dispute over a boundary line between two parcels of land located on Treat Mountain in Polk and Haralson Counties. The parcels were originally part of a common tract of land owned by Treat Orchard Company, Inc. In 1955 trustees of Treat Orchard Company deeded the land to two separate grantees. One tract of land, which contained over five thousand acres, was deeded to Northumberland Corporation, which after a corporate merger became appellee Hiwassee Land Company. The other tract of land, which contained two hundred and seventy acres more or less, was transferred to one D. Curry Porter and, after having passed through several intermediaries, was deeded to appellant's father. The northern portion of the land was deeded to appellant by her father. It is the northern boundary of the appellant's property, which adjoins Hiwassee's property, over which the dispute arose. Hiwassee initiated suit against appellant in order to determine the exact location of the land line, which Hiwassee claimed ran along a field road. Appellant claimed the line ran along another field road further north.

1. On appeal appellant claims as error the trial court's action in determining as a matter of law that the deed to appellant's father of the parcel of land was a deed by tract and not by acre, and, therefore, in instructing the jury that appellant could not rely upon an exact acreage amount in supporting her claim as to the location of the boundary line. The legal description describing the tract of land by lot number and metes and bounds remained unchanged throughout the various conveyances ending with the deed to appellant's father. The deed to appellant's father did not refer to any acreage amount, but prior deeds in the chain of title containing the same description for metes and bounds described the area as being "270 acres, more or less." At trial testimony indicated that by following the metes and bounds in the deed to appellant's father, along with the physical evidence at the location of the property, the boundary established constituted arithmetically an area of 271.87 acres. This calculation was made using the northern field road as a boundary line. The metes and bounds arithmetically established an area of 260.27 acres if the southern field road was used as a boundary, as urged by Hiwassee.

Arithmetic calculations of acreage (contained in an enclosure established by metes and bounds and the physical evidence in the present case) could be properly considered by the jury in determining the true location of the boundary line. The evidence was not introduced to show the exact number of acres transferred to appellant's father. See *Roberts v. Groover,* 156 Ga. 386 (2) (119 SE 696) (1923). Instead, the jury could have considered the evidence that the 271.87 acre calculation was nearer the approximation of 270 acres contained in the deeds than was the 260.27 acre calculation established when using the boundary urged by Hiwassee. Such comparison could be used by the jury in reasoning that the northern field road was the proper boundary line in that its use as a boundary yielded a mathematical calculation closer to the acreage approximation contained in the deed description prepared by the initial grantor than did the use of the southern field road as a boundary. The actions of the trial court in excluding such evidence from the jury's consideration in determining the location of the land line was error.

2. Appellant's remaining enumeration of error is without merit.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED APRIL 20, 1982 —
REHEARING DENIED MAY 14, 1982 —

*James I. Parker,* for appellant.
*F. Marion Cummings,* for appellee.