68916. ALLEN v. HIWASSEE LAND COMPANY.
(324 SE2d 742)

McMURRAY, Chief Judge.

This is the second appeal in this boundary line dispute. See *Allen v. Hiwassee Land Co.*, 162 Ga. App. 356 (290 SE2d 492).

The primary issues raised in this appeal, which follows a second trial of the case, involve the trial court's construction of our previous decision, as reflected in the trial court's charge to the jury. Defendant Allen appeals following the verdict in favor of plaintiff Hiwassee Land Company and the denial of her motion for new trial. *Held*:

1. Defendant contends that the trial court repeated its error from the first trial by charging that "defendant may not rely upon any exact amount of acreage being transferred to her father Mr. Jett by deed from Mr. Bridges." However, our decision in *Allen v. Hiwassee Land Co.*, 162 Ga. App. 356 (1), supra, found fault with this charge only insofar as it served to remove from the jury's consideration "the evidence that the 271.87 acre calculation was nearer the approximation of 270 acres contained in the deeds than was the 260.27 acre calculation established when using the boundary urged by [plaintiff] Hiwassee." *Allen v. Hiwassee Land Co.*, 162 Ga. App. 356, 357 (1), supra. In the case sub judice, the trial court has also charged "that arithmetic calculations of acreage contained in an enclosure established by meets [sic] and bounds and the physical evidence in the present case could be properly considered by you the jury in determining the true location of the boundary line." With this additional

language added to the charge it is no longer misleading or confusing to the jury in a manner calculated to create an impression with the jury that they should disregard competent evidence. Nor is there any conflict between these two portions of the charge. This enumeration of error is without merit.

2. Defendant contends that the trial court erred in refusing to give her request to charge derived from our holding in *Allen v. Hiwassee Land Co.*, 162 Ga. App. 356, supra. Plaintiff contends that the trial court's charge was sufficient in that the trial court's charge substantially embodied the principles in defendant's rejected request to charge. See in this regard *Continental Cas. Co. v. Union Camp Corp.*, 230 Ga. 8 (3) (195 SE2d 417); *Brookhaven Supply Co. v. DeKalb County*, 134 Ga. App. 878, 880 (5) (216 SE2d 694).

We agree that the trial court's charge contained the substance of the principles in defendant's rejected charge. Additionally, we note that defendant's rejected charge was in argumentative form. We find no error in the trial court's refusal to give the charge in question. *DeKalb County v. McFarland*, 231 Ga. 649, 656 (2 (S)) (203 SE2d 495); *Hill Aircraft & Leasing Corp. v. Tyler*, 161 Ga. App. 267, 273 (9) (291 SE2d 6); *Reed v. Dixon*, 153 Ga. App. 604, 607 (4) (266 SE2d 286). In so holding we note that while language used by an appellate court may embody sound law, it is not always appropriate to employ such language in instructing the jury. *Davis v. Cincinnati Ins. Co.*, 160 Ga. App. 813, 815 (1) (288 SE2d 233); *Morehead v. Morehead*, 227 Ga. 428, 430 (3) (181 SE2d 59).

3. Defendant contends the trial court erred in instructing the jury that plaintiff could claim title by adverse possession if it had been in adverse possession of the land in dispute for a continuous period of seven years. This charge, argues defendant, assumes there to be color of title.

At trial defendant failed to make a timely objection as to this issue as required by OCGA § 5-5-24 (a). Failure to object at the prescribed time constitutes waiver of the right to raise the issue on appeal. *Nelson v. Miller*, 169 Ga. App. 403, 404 (312 SE2d 867). Nor do we find the substantial error rule of OCGA § 5-5-24 (c) applicable to the case sub judice. See in this regard *Nelson v. Miller*, 169 Ga. App. 403, supra, and *Segars v. Printing Service Co.*, 170 Ga. App. 345, 346 (1) (317 SE2d 322).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 14, 1984 —
REHEARING DENIED DECEMBER 3, 1984.

*James I. Parker*, for appellant.

*F. Marion Cummings,* for appellee.