72993, 72994. CROWELL v. CITY OF EASTMAN et al.;
and vice versa.
(356 SE2d 104)

Benham, Judge.

In October 1983, the city manager of the City of Eastman appointed Crowell chief of police. There was no written contract of employment. Crowell was given a City of Eastman employee handbook which contained personnel policies and procedures adopted by the city council as an ordinance in 1978. The personnel policy ordinance provides that dismissals of employees may be appealed in writing to the city council. The ordinance also provides that department heads, a category which includes the chief of police, are not automatically included in the personnel policies, and that their conditions of employment are to be established on an individual basis by the city manager.

Section 34 of the Eastman city charter (Ga. Laws 1979, pp. 4538, 4619) gives the city manager the sole authority to appoint a chief of police and the right to fire or suspend any employee when, in the city manager's judgment, the interest of the city demands it. Appeal to or interference by the city council is specifically prohibited.

In January 1985, the city manager dismissed Crowell, his stated reason being that the interest of the city demanded it. Crowell appeared before the city council to request a hearing on whether or not he was properly dismissed, but his request was denied. It is apparent from the record that Crowell had been denied a hearing on the issue of the propriety of his dismissal. Although the chairman of the city council did testify that a decision had not been made and that the council was waiting for guidance from the court, the decision which had not been made was whether the firing was proper. The council had clearly ruled, according to the chairman's testimony, that it had no authority to interfere with the city manager's personnel decisions regarding Crowell. Thus, the city council had already acted on Crowell's request for a hearing by refusing it.

Subsequent to Crowell's dismissal and the city council's decision

that it had no authority in the matter, the city council and the city manager joined as petitioners for declaratory judgment. In the petition, which named Crowell as defendant, the petitioners sought a resolution of the apparent conflict between the city charter and the ordinance, and a declaration that the actions they had taken had not violated any of Crowell's rights. The only other relief sought was an injunction maintaining the status quo and an order requiring Crowell to establish any claims he had for deprivation of constitutional rights. No order was entered with regard to the equitable relief sought, but the trial court entered an order granting the other relief sought. In Case No. 72993, Crowell argues that the trial court erred in finding the present case an appropriate one for declaratory relief, that the trial court erred in assuming subject matter jurisdiction over the determination of whether his constitutional rights had been violated, and that the trial court erred in making a factual determination concerning his asserted property right in employment by the City of Eastman. In Case No. 72994, the petitioners below take issue with the trial court's resolution of the conflict between the city charter and the ordinance.

1. As noted above, the city manager had already dismissed Crowell and the city council had already decided that it could not interfere in the matter before the declaratory judgment action was commenced. Therefore, they "do not show any need for guidance and protection from uncertainty and insecurity with respect to the propriety of their future acts [concerning Crowell]. Thus, they are not faced with any dilemma as to what course they should pursue. Instead, they seek confirmation and approval of what they have done in the past, as to rights which have already accrued. In this situation, declaratory judgment is not an available remedy. [Cits.]" *Farmers Union Warehouse v. Bird*, 224 Ga. 842, 844 (165 SE2d 148) (1968).

In his answer, appellant raised the defense that the petition failed to state a claim upon which relief could be granted. The allegations of the complaint, taken together with the testimony of the chairman of the city council at the trial of this case, establish that defense by showing that, as to Crowell, all the rights of the parties had already accrued, all the action to be taken had been taken. Thus, appellant's first enumeration of error is meritorious: the trial court erred in ruling that this case is one which is appropriate for declaratory judgment.

Since the judgment must be reversed on the ground stated, Crowell's remaining enumerations of error need not be considered.

2. In light of our holding in Division 1, the cross appeal is moot. There may be some remaining disagreement between the city council and the city manager concerning the locus of power in the City of Eastman, but that controversy is not properly before this court and

we expressly decline to make any finding or holding with regard thereto.

*Judgment reversed in Case No. 72993. Appeal dismissed in Case No. 72994. Birdsong, C. J., Deen, P. J., McMurray, P. J., and Banke, P. J., concur. Carley, Sognier, Pope, and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

The city manager discharged Crowell in January 1985, giving as reason that the interest of the city demanded it. Crowell appeared before the city council for a determination as to whether he was properly discharged. The council heard from Crowell but did not know if it had jurisdiction of the matter, and if it did, what law to apply, so it made no decision but instead the action it took was to seek declaratory judgment, before it deliberated on the merits of Crowell's complaint. The city manager joined in.

The Eastman city charter (Ga. Laws 1979, pp. 4538, 4619) § 34 gives the city manager the sole authority to appoint a police chief and the right to fire or suspend any employee when, in his judgment, the interest of the city demands it. Appeal to or interference by the city council is specifically prohibited.

The personnel policy ordinance provides that dismissals may be appealed in writing to the city council while provisions of the city charter grant the city manager absolute authority over the tenure of the police chief. The ordinance further provides that department heads are not automatically included in the personnel policies, and that their conditions of employment are to be established on an individual basis by the city manager.

It was in light of the perceived conflicting provisions of the city charter regarding the dismissal of the chief of police, the city council not being sure it had authority to make a determination on Crowell's dismissal, that it and the city manager filed a complaint for a declaratory judgment against Crowell to determine the rights and legal relationships of the parties.

The city manager contended that the personnel policy adopted as an ordinance was invalid as an invasion of his authority to hire and fire city employees under section 34 of the city charter. The council's position was that it did not know whether it had legal authority to review the discharge, that is, whether the ordinance prevailed over the charter and whether, if so, to what extent it applied; it thought it could not review and supersede the city manager's decision, but it is uncertain what its duty is under the seemingly conflicting provisions.

Crowell, on the other hand, contended that he had a right to a review by the council on the procedure followed and the merits of his dismissal; that he was a "regular full time employee" of the city under

the personnel policy; that he was wrongfully discharged without cause and without the procedural rights and benefits given to regular full time employees in cases of discharge; that he had a property interest in his position and an expectation of continued employment; that he had been deprived of this property interest without due process of law and thus damaged; and that he intended to seek legal redress against the city. He gave notice that he intended to seek federal relief under 42 USC § 1983 based in part on a lack of due process, i.e., review by the council, under color of state law, if he was deprived of such.

The trial court determined: (1) there was an actual controversy among the parties; (2) the ordinance and section 34 of the city charter were in conflict and the provisions of the city charter were superior to those of the ordinance but the charter was a "special law" and Ga. Const. 1983, Art. III, Sec. VI, Par. IV prohibits a special law when provision has been made by an existing general law; (3) the enactment of the personnel policy ordinance was a legitimate exercise of the city council's power under OCGA § 36-34-2 and to the extent section 34 of the charter was in conflict with the ordinance, the ordinance prevailed and is valid; (4) Crowell had no property right in his employment with the city; the city council having intended that department heads, of which the police chief was one, not be covered by and included in the rights and benefits accorded regular full time employees under the ordinance; (5) as a matter of fact Crowell's employment was terminable at will by the employer or employee at any time with or without notice or cause, and Crowell's discharge was a proper exercise of authority by the city manager.

The court addressed the prayers for declaratory judgment and concluded that the personnel policy including its disciplinary provisions do not apply to Eastman's chief of police, that Crowell was not entitled to any hearing before the city manager as provided under section 30 of the personnel policy, that the guidelines for disciplinary action in the personnel policy were not applicable to Crowell as chief of police, that the personnel policy did not create in Crowell any reasonable expectation of continued employment or property interest, and that Crowell's discharge did not amount to the taking of any property or property interest of Crowell's without due process of law under the federal constitution.

Crowell's position on appeal is that: (1) the trial court erred in finding an actual controversy ripe for declaratory relief; (2) the court erred in asserting jurisdiction to decide his rights thereby denying his right to pursue an action under 42 USC 1983 in his forum of choice; (3) the court erred in deciding the "question of fact" as to whether or not he had property rights in his employment as defined by the federal constitution.

The city council and city manager cross-appeal that portion of the court's judgment holding section 34 of the city charter in conflict with the general law and consequently that the city council had authority to restrict the city manager's power to hire and fire city employees under certain circumstances.

The majority agrees with Crowell that no controversy ripe for declaratory relief existed. Crowell argued that this is so because the city council had granted him a hearing and in that hearing *determined* that the personnel ordinance did not apply to him. That is, his position is that the question of whether or not the city should give him a hearing to consider the propriety of the discharge had already been decided adversely to him, because the alleged controversy emanates from the same personnel procedures by which he was in the process of seeking relief, and because the situation from which the city seeks relief will effect every other department head in Eastman, none of whom were made party to the suit. Crowell further argued that the court's decision goes too far afield in deciding the issue of his lack of a property interest in his employment with the city.

To begin with, the record shows that though Crowell was granted an initial hearing before the council, at which time Crowell insisted upon either a written explanation of his dismissal or a definable cause prior to dismissal, the council made no decision about the propriety of his discharge because of its confusion about its legal role, if any, in the matter. It held its substantive deliberation and its decision-making in abeyance.

The first question the council brought to the trial court was: Did it, or did it not, have authority to decide? That is, did it have jurisdiction? That was the threshold question. The council did not know, and neither did the city manager for a certainty, whether Crowell had a right to a decision by the council on his employment, and that is one reason they sought the aid of the court.

This is borne out by the testimony of the city council chairman at the declaratory judgment hearing, when she stated that the council had made no ruling on Crowell's request that the council conduct a hearing on the discharge as provided in the personnel policy manual because the council "didn't know what to do." It merely expressed an opinion on what it thought the prevailing law was, but it was not sufficiently certain so as to act on it. That is precisely why they sought a definitive judicial determination.

Therefore, in my opinion, claims of lack of a justiciable issue because of preliminary action already taken by the city council are without merit. Also, the fact that the city manager had already discharged the police chief did not render the matter moot, because the reviewability of this discharge, and the law to be applied if review was required, were very much at issue since the process had not been com-

pleted.

A declaratory judgment action requires a justiciable controversy between adverse parties. *Hassell v. C & S Nat. Bank*, 240 Ga. 285, 286 (2) (240 SE2d 35) (1977); OCGA § 9-4-2. " 'A controversy is justiciable when it is appropriate for judicial determination. It must be definite and concrete, touching the legal relations of parties having adverse legal interests, rather than being hypothetical, abstract, academic or moot. The controversy must be such that it will be resolved immediately and definitely by the judicial declaration.' [Cits.]" *Bd. of Trustees of Employees' Retirement System v. Kenworthy*, 253 Ga. 554, 557 (322 SE2d 720) (1984).

Georgia's declaratory judgment statute is broad. OCGA § 9-4-2. See *Calvary &c. Baptist Church v. Rome*, 208 Ga. 312 (66 SE2d 726) (1951). See *Lee v. Beneficial Fin. Co.*, 159 Ga. App. 205 (282 SE2d 770) (1981) for an application of it.

We should not cut the council off from legal guidance from the court, to which it turns before it takes action which might violate any of Crowell's asserted rights. As repeated in *Slaughter v. Faust*, 155 Ga. App. 68, 69 (270 SE2d 218) (1980): "this is not a case in which the rights of the parties have accrued, rendering declaratory judgment inappropriate. 'The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated . . . [I]ts purpose is to permit one who is walking in the dark to ascertain where he is and where he is going, to turn on the light before he steps rather than after he has stepped in a hole. [Cits.]' *Rowan v. Herring*, 214 Ga. 370, 374 (105 SE2d 29)."

Here the city council is that "one who is walking in the dark." The conflict, in context, thus made it ripe for declaratory relief.

I am authorized to state that Judge Pope joins in this dissent.

DECIDED MARCH 20, 1987 —
REHEARING DENIED APRIL 3, 1987 — ■

John M. Brown, for appellant.
Terry L. Crowell, *pro se.*
Will Ed Smith, for appellees.