### 74292. JONES v. PHILLIPS.
(357 SE2d 853)

CARLEY, Judge.

Appellant filed a complaint against appellee alleging that plaintiff was the widower of Claudia Lee Jones, deceased, and that appellee, daughter of appellant's deceased wife, had "wilfully and intentionally caused damage to the tombstone and slab of [appellant's] deceased wife." Appellant sought general and exemplary damages and attorney's fees. The appellee filed an answer admitting the identity and relationship of the parties, but denying the material allegations of the complaint. No affirmative defenses were set forth, nor did the answer contain any additional averments. Other than the pleadings, the record contains only the following: a rule nisi; a copy of interrogatories filed by the appellee; two orders directed to the parties regarding the preparation of a pretrial order; and the final order from which appeal is taken. In its entirety, the order disposing of this case states: "After conferring with counsel and receiving status reports by both, this court has determined that the case should fail as a matter of law. It is therefore ordered and adjudged that the within case be dismissed."

There is no indication in the order or elsewhere in the record that any evidence was considered. In fact, even the trial court's order does not express or imply that there was ever a hearing on the merits. Accordingly, the only basis upon which this dismissal order could be predicated would be dismissal for failure to state a claim pursuant to OCGA § 9-11-12 (b), or judgment on the pleadings pursuant to OCGA § 9-11-12 (c). "The CPA abolished 'issue pleading,' substituted in lieu thereof 'notice pleading,' and directs that 'all pleadings shall be so construed as to do substantial justice.' [Cits.] 'Under the CPA, a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' [Cits.]" *Dil-*

*lingham v. Doctors Clinic*, 236 Ga. 302 (223 SE2d 625) (1976). See also *Sheppard v. Yara Engineering Corp.*, 248 Ga. 147, 149, 150 (281 SE2d 586) (1981). Because we cannot determine beyond doubt that there is no set of facts which appellant can prove which would entitle him to relief under his complaint, the trial court's order cannot be construed as properly dismissing the complaint for failure to state a claim upon which relief can be granted. Likewise, a judgment on the pleadings cannot be granted unless the pleadings affirmatively show that no claim in fact exists. *Bergen v. Martindale-Hubbell*, 176 Ga. App. 745 (337 SE2d 770) (1985). On the record before us, there is no such affirmative showing of the absence of a claim on which relief can be granted. In short, our review of the entire record reveals no viable basis upon which the trial court could dismiss the case. Accordingly, the judgment of the trial court must be reversed.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 20, 1987

*Richard Phillips*, for appellant.
*J. Kenneth Royal*, for appellee.