## 75239. CITY OF WAYCROSS v. REID RENTAL COMPANY, INC. et al.

(367 SE2d 305)

SOGNIER, Judge.

Reid Rental Company, Inc. and others sought a declaration of the validity of an ordinance passed by the City of Waycross by means of which Reid Rental and the other property owners were assessed for various street improvements. The trial court denied the motion to dismiss for failure to state a claim filed by the City. This court granted the interlocutory appeal filed by the City.

We affirm the trial court's denial of the City's motion to dismiss. In support of its motion, the City asserted that the declaratory relief

sought by appellees was inappropriate because the pleadings presented no justiciable controversy to authorize the trial court to declare the rights of the parties, and that the pleadings revealed appellees' rights had already accrued and thus no risk of taking future action jeopardizing their interests was involved so as to justify declaratory action by the trial court. The remaining basis for the City's motion to dismiss was its contention that appellees were "estopped by the lapse of time and laches" from obtaining the relief they sought.

Addressing first the propriety of the declaratory nature of the relief sought, a review of the pleadings in the record reveals appellees asserted that in 1980, the City passed an ordinance for street improvements, assessing appellees for one third of the cost without properly notifying appellees pursuant to § 242 of the Code of the City of Waycross, derived from Ga. L. 1925, p. 1557. After contacting appellees about the assessment, upon appellees' failure to pay the assessment the City filed an execution which remains of record as a lien against the titles of appellees' respective properties. Appellees further asserted in their complaint that their properties derived no benefit from the street improvements. In response, the City admitted that it filed the execution as asserted by appellees, but contended the assessment was proper under the procedures adopted in accordance with Ga. L. 1905, p. 1220, as amended by Ga. L. 1913, p. 1234, and that the 1925 Act provision cited by appellees constituted an additional method for making street improvements which the City was not obligated to follow.

Construing the pleadings in order to do substantial justice and serve the best interests of the pleader, OCGA § 9-11-8 (f); *Loftin v. Brown*, 179 Ga. App. 337, 339 (1) (346 SE2d 114) (1986), an actual, justiciable controversy is presented here because of the variance between the provisions of the 1925 enactments and the earlier 1905 and 1913 enactments. The validity of the City's assessment and the enforceability of the execution, filed against appellees' property and actively clouding the title to that property, rests upon a determination whether or not the 1925 provision was in direct conflict with the earlier street improvement provisions so as to require application of the later enactment. Ga. L. 1925, § 16, p. 1569. The execution filed by the City as a result of appellees' nonpayment of the challenged assessment is a viable pending claim which presently clouds the title to appellees' properties. This case is thus distinguishable from other declaratory judgment opinions such as *Gordon v. Southeastern Fidelity Ins. Co.*, 182 Ga. App. 790 (357 SE2d 146) (1987), in which the relief sought by the petitioner by means of a declaration of rights was not based on any evidence or contention that the petitioner currently had any liability or rights accrued. While we note that this appeal would

present a more clear-cut case for declaratory relief if the marshal of the City of Waycross were levying instanter upon appellees' property, we agree with the trial court that the cloud on the title that the execution represents and the unresolved situation in which appellees are placed by not knowing when or if the City will levy upon the execution of record, constitute matters of "palpable insecurity" as to the rights and status of appellees' use and enjoyment of their property so as to authorize appellees' use of the declaratory relief provisions in the case sub judice. See *Total Vending Svc. v. Gwinnett County*, 153 Ga. App. 109, 110-111 (264 SE2d 574) (1980); see generally *Rinker v. Sparks*, 109 Ga. App. 810, 812 (2) (137 SE2d 514) (1964).

Although the dissent argues that appellees have forfeited adjudication of their claim by failing to exhaust all administrative remedies before contesting the City's assessment in the trial court, the administrative remedies set forth in the legislative acts cited by the dissent all presuppose that proper notice was given, thereby affording the interested parties an opportunity to protect their rights by making their objections regarding the assessment decision, the amount assessed, the apportionment of the assessment, etc. Viewing the pleadings to see if any set of facts would support appellees' claim, see generally *Jones v. Phillips*, 183 Ga. App. 11-12 (357 SE2d 853) (1987), if the City deprived appellees of notice of the assessment, as alleged, it also deprived them of their opportunity to *contest* the assessment under the procedures set forth in the applicable enactments. "The mere existence of an unexhausted administrative remedy does not, standing alone, afford a defendant an absolute defense to the institution of a legal action." *Hunnicutt v. Ga. Power Co.*, 168 Ga. App. 525, 526 (1) (309 SE2d 862) (1983). As has been noted in equity cases, the requirement of exhaustion of administrative remedies "does not apply where the defect urged by the complaining party goes to the jurisdiction or power of the agency to issue the order. [Cits.]" *Cravey v. Southeastern Underwriters*, 214 Ga. 450, 457 (3) (105 SE2d 497) (1958). Appellees' complaint challenges the power of the City to assess their property without notice under § 242 of the 1925 Act, and in the absence of an administrative remedy under the Code of the City of Waycross to provide sufficient protection for the rights of appellees under the circumstances as alleged, any failure by appellees' to pursue other inapplicable remedies cannot be deemed fatal to appellees' petition for declaratory judgment.

Finally, in regard to the City's remaining contention that the trial court erred by denying its motion to dismiss because appellees are "estopped by the lapse of time and laches" from obtaining the relief they seek, we find no error in the trial court's ruling. Laches is an equitable doctrine not applicable in a petition for declaratory judgment, which is an action at law. See *Hobgood v. Black*, 144 Ga. App.

448, 450 (241 SE2d 60) (1978). Although appellees sought a temporary restraining order in this case, a petition for declaratory judgment "is not converted into an equitable action simply because a temporary restraining order is [requested or] granted in order to maintain the status quo pending adjudication." Id. Accordingly, the trial court's denial of the City's motion to dismiss appellees' complaint for failure to state a cause of action is affirmed.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Banke, P. J., Pope, and Benham, JJ., concur. Carley and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

I respectfully dissent, in that the city was entitled to dismissal.

The petition sought the declaration that certain special assessments levied against the property were illegal, void, and unenforceable.

The action stems from an ordinance adopted by the Board of Commissioners of Waycross on December 2, 1980 providing for the grading, draining, and paving (with curbs and gutters) portions of certain streets in the city. The city proposed to assess one-third of the costs of such improvements against the real estate abutting each side of the street improved according to its footage on the portion of the street improved. Plaintiffs were assessed for paving in the original amount of $45,450.42.

In their initial petition filed on February 6, 1987 plaintiffs alleged that the city failed to give them notice of the special assessment, in violation of the city code and the due process clauses of the federal and state constitutions; that the imposed assessment grossly exceeded any benefit to the property owned by plaintiffs; that the assessment constituted a taking of property for public use without compensation and a deprivation of their property without due process of law, since the property was not benefited by the improvements to an extent substantially equal to the amount of the assessment; that none of their property was or will be benefited by the alleged improvements for which the assessment was levied, and any conclusion that the property or any portion of it is or ever will be specially benefited by the improvement is merely speculative; and that before the levy of the assessment against them, the paving ordinance was not published as required by the city code so as to give them notice that the improvement was to be paid for partly by special assessment against their real property. Plaintiffs claimed that therefore the special assessments were illegal, void, and unenforceable, and prayed for a declaration of the parties' legal rights, suit costs, and a temporary restraining order to maintain the status quo so as to prevent the city from suing for recovery of any of the assessment pending adjudication

of the action.

Following the filing of the city's motion to dismiss, plaintiffs amended their petition to assert that had the city complied with the notice requirements of the city code that plaintiffs would have had the right to vote down the street improvements as to their property; that on July 8, 1981 the city sent Reid Rental's president a letter stating that the city commissioners intended to proceed with their normal method of collection with regard to the paving assessments imposed against plaintiffs' property; and that on August 4, 1981 the city filed an execution against the property. After the court's denial of the city's motion, plaintiffs filed another amendment to the action adding a second count to remove cloud from title caused by the filed executions.

The city argues on appeal as it did below that plaintiffs' petition is properly dismissed because 1) the plaintiffs stood by and saw the improvements completed to their benefit without objecting or availing themselves of their legal or equitable rights until six years after the ordinance was adopted and five years after the paving assessments were made, estopping them by lapse of time and inaction; 2) the trial court does not have the authority to determine whether an ordinance is abstractly valid or invalid; 3) the complaint fails to state a claim in that the allegations affirmatively show that any of plaintiffs' rights have already accrued and they do not have the risk of taking some future action incident to their rights which, without direction, would jeopardize their interests.

Without reaching the city's contentions as to why plaintiffs' petition is defective, the suit suffers from a more basic infirmity. There is no evidence whatsoever that plaintiffs exhausted or even attempted to utilize any administrative remedy for contesting the assessment to the city. See Ga. Laws 1905, p. 1220 et seq., Ga. Laws 1913, p. 1234 et seq., Ga. Laws 1925, p. 1557 et seq. This failure is fatal to the petition for declaratory judgment. See *Ledford v. Dept. of Transp.*, 253 Ga. 717 (324 SE2d 470) (1985); *George v. Dept. of Natural Resources*, 250 Ga. 491 (299 SE2d 556) (1983).

Furthermore, "[t]he record does not show the existence of any justiciable controversy which would have authorized the trial court to declare the rights of the parties." *Gordon v. Southeastern Fidelity Ins. Co.*, 182 Ga. App. 790 (357 SE2d 146) (1987). Plaintiffs are not faced with taking any future undirected action incident to their rights which could jeopardize their interests. " 'Absent an actual controversy involving palpable insecurity, a court is without power to act by way of declaratory judgment. [Cit.]' [Cit.]" Id. See also *Crowell v. City of Eastman*, 182 Ga. App. 489, 490 (1) (356 SE2d 104) (1987).

DECIDED MARCH 18, 1988.

*Wilson G. Pedrick*, for appellant.
*Terry A. Dillard, Joseph E. East*, for appellees.