75810, 75811. CROWELL v. CITY OF EASTMAN et al.;
and vice versa.
(371 SE2d 667)

BENHAM, Judge.

The dispositive rule of law in these appeals is the "law of the case" rule. In *Crowell v. City of Eastman*, 182 Ga. App. 489 (356 SE2d 104) (1987), holding that this was not a proper case for declaratory judgment, this court reversed the judgment entered in favor of appellees. Upon the return of the remittitur, appellees filed a motion for summary judgment. The main appeal here is from the grant of that motion. The cross-appeal concerns a holding the trial court made in the course of granting summary judgment to appellees.

1. This case may instructively be compared to *Worley v. Travelers Indem. Co.*, 121 Ga. App. 179 (173 SE2d 248) (1970). There, a jury verdict had been reversed because of insufficiency of the evidence, and the trial court had refused, after remittitur, to permit a de novo hearing. This court held that the law of the case was merely that the evidence was insufficient at the previous trial. That being so, a de novo hearing was mandated. On the first appearance of the present case, we held that Crowell's defense that the complaint failed to state a claim had been established by the record and that the case was not one which was appropriate for declaratory judgment. *Crowell v. City of Eastman*, supra, Division 1. That holding was the law of the case. Unlike the appellate ruling in *Worley*, our ruling in the first appearance of this case did not invite de novo proceedings; it implicitly forbade them. Rather than holding that there was not enough evidence to entitle the plaintiffs to a declaratory judgment, we held that there was enough evidence to establish that the plaintiffs had no claim for declaratory judgment at all. All that remained to be done upon the receipt of the remittitur was for the trial court to vacate its judgment and give effect to this court's judgment by dismissing the action. "Upon the remittitur from the appellate court being filed in the trial court, the issue is res judicata, and the lower court has no authority to . . . hear further evidence or consider any other matter that would otherwise affect the finality of the judgment of this court. The only action which that court had authority or power to take was to make the judgment of this court the judgment of the trial court. . ." *Shepherd v. Shepherd*, 243 Ga. 253, 254 (253 SE2d 696) (1979). It follows, then, that the trial court erred in entertaining appellees' motion for summary judgment.

"[R]ulings of the appellate courts are binding in all subsequent proceedings in the trial or appellate courts. [Cit.] Moreover, the decision of the appellate court, and any direction awarded, shall be respected and in good faith carried into full effect by the court below. [Cits.]" *Stafford Enterprises v. American Cyanamid Co.*, 164 Ga. App. 646, 650 (297 SE2d 307) (1982). This court has ruled that declaratory judgment is not appropriate in this case. To give that ruling full effect, the trial court must vacate its most recent order and dismiss the declaratory judgment action. It is directed to do so.

2. In light of our holding in the preceding division, the issue raised on the cross-appeal is moot and that appeal is, therefore, dismissed.

*Judgment reversed with direction in Case No. 75810. Appeal dismissed in Case No. 75811. Pope, J., concurs. McMurray, P. J., concurs in the judgment only.*

Decided July 11, 1988 —
Rehearing denied July 21, 1988 — 

*John M. Brown, Stephen L. Ivie,* for appellant.
*Will Ed Smith,* for appellees.