A89A0405. PALM RESTAURANT OF GEORGIA, INC. et al. v. PRAKAS et al.
(383 SE2d 584)

POPE, Judge.

The facts of this case are set forth in this court's earlier opinion *Palm Restaurant of Ga. v. Prakas*, 186 Ga. App. 223 (366 SE2d 826 (1988) (hereinafter referred to as *"Palm Restaurant I"*). This cour reversed the judgment of the trial court and remanded with directior that it correct the findings of fact to conform to the evidence and then issue a judgment in accordance with the corrected findings o fact. On remand, the trial court, on its own motion, ordered a nev trial. In response to a petition for writ of mandamus brought b plaintiffs Palm Restaurant of Georgia, Inc., and Nick J. Jorda against the trial judge, The Honorable Nick G. Lambros, this cour ordered the trial judge to enter findings of fact and conclusions of lav based on the transcript of evidence adduced at the bench trial, in ac cordance with this court's opinion in *Palm Restaurant I. Palm Res taurant of Ga. v. Lambros*, Motion Docket No. 107 (decided Septem ber 23, 1988). The trial court then issued new findings of fact an

conclusions of law based on the evidence adduced at the bench trial. A new judgment was entered in favor of plaintiffs and against defendant Athan C. Prakas on the $35,000 promissory note (see *Palm Restaurant I*) plus interest, attorney fees and post-judgment interest and against defendant Charles G. Prakas on the $35,000 promissory note plus interest and post-judgment interest. According to the findings of fact and conclusions of law, defendant Ernest Brookins was, as in the original judgment, released from his obligation as surety on the $50,000 promissory note. Plaintiffs appeal the second judgment of the trial court.

The original judgment of the trial court found plaintiff Jordan, the seller of the restaurant business at issue in this case, had wrongfully removed "substantial assets" of the business from the leased premises following the closing of the transaction, thereby entitling defendants to a $10,000 set-off against their obligation to plaintiffs. (See Division 2 of *Palm Restaurant I*.) On remand, the trial court found that "at least one-half of the assets transferred by the bill of sale were in fact taken from the premises despite plaintiffs' claim that few items were removed. . . ." The court further found that plaintiff Jordan engaged in "tortious conduct" after closing the transaction which resulted in the delay of the opening of defendants' business. As a result of these two findings, the court: (1) concluded that defendants Athan C. Prakas and Charles G. Prakas were entitled to an offset of $50,000 against the total $85,000 owed to plaintiffs and thus the Prakas defendants were found not liable on the $50,000 promissory note; and (2) concluded that defendant Ernest D. Brookins was released from his obligation as a surety on the $50,000 promissory note.

These findings and conclusions are in direct conflict with this court's holding in *Palm Restaurant I*. As to the value of assets removed from the leased premises, this court earlier held "there is no evidence to support the trial court's finding that the value of the property removed was in excess of $190.00." Id. at 225. Consequently, we held that the court's initial judgment that the defendants were entitled to a $10,000 offset was erroneous. In the second findings of fact, now before us on this appeal, the trial court expressly found that more than just the few items plaintiff Jordan admitted taking were in fact taken from the premises. While the record would support a finding that more items were taken from the premises than those plaintiff Jordan admits taking, no evidence whatsoever was presented to establish the value of said items. Defendants had the burden of proving their affirmative defense of set-off (OCGA § 24-4-1) but failed to present evidence of the amount of set-off beyond $190. As to the conduct of plaintiff Jordan, which the court found to be tortious, this court previously held that the evidence established that said conduct did not cause any delay in defendants' obtaining a license to operate their

business. "[The] evidence shows that the six-month delay in obtaining a liquor license cannot be attributed to [plaintiff] Jordan's letter [to the licensing authorities], but to [defendants'] delay in having the premises repaired so as to secure the necessary certificate of occupancy [which defendant Athan Prakas admitted was required before his business could obtain a liquor license]." *Palm Restaurant I* at 226.

The ruling of this court in *Palm Restaurant I* is binding on all subsequent proceedings in the case in the lower court and in this court. OCGA § 9-11-60 (h). " 'Moreover, the decision of the appellate court, and any direction awarded, shall be respected and in good faith carried into full effect by the court below. (Cits.)' *Stafford Enterprises v. American Cyanamid Co.*, 164 Ga. App. 646, 650 (297 SE2d 307) (1982)." *Crowell v. City of Eastman*, 187 Ga. App. 891, 892 (371 SE2d 667) (1988). Pursuant to our earlier holding, the conduct of plaintiff Jordan provides no ground for an offset in defendants' liability or for defendant Brookins' release; and the removal of property from the premises supports an offset in defendants' liability on the promissory notes of no more than $190. The lower court erred in making a second findings of fact and conclusions of law and in entering judgment in contradiction to the previous holding of this court. For the second time, the judgment of the trial court is reversed and the case is remanded and for the third time the trial judge is directed to correct the findings of fact to conform to the evidence and to issue a judgment in accordance with the present and past holdings of this court.

*Judgment reversed and case remanded with direction. Banke, P. J., and Sognier, J., concur.*

DECIDED JUNE 1, 1989 —
REHEARING DENIED JUNE 22, 1989 —

*Smith & Fleming, Robert O. Fleming, Jr.*, for appellants.
*Cashin & Morton, Richard W. Gerakitis, O. Jackson Cook*, for appellees.