## A98A0118. MAZDAK AUTO TOWING & SERVICE, INC. v. MIDCONTINENTAL GROUP, INC.

(501 SE2d 44)

Judge Harold R. Banke.

MidContinental Group, Inc. ("MG") sued Mazdak Auto Towing & Service, Inc. ("Mazdak") for trademark infringement, seeking $10,000 in damages and an injunction. After the trial court granted MG's motion for summary judgment, Mazdak asserted this appeal, enumerating three errors.

This case arose after MG discovered that Mazdak was using a symbol to identify its company nearly identical to MG's registered trademark. Both service marks depicted a crowned figure driving a horse-drawn chariot. After Mazdak ignored MG's request that it refrain from using the symbol,. MG commenced this action.

During the litigation, MG served the following requests for admission on Mazdak: "(1) Defendant is using a service mark similar to that of Plaintiff's and Defendant's mark creates a likelihood of confusion, with Plaintiff's mark, to others; and (2) Defendant's service mark is not associated with a religious symbol or a religion." It is undisputed that Mazdak failed to timely respond to these requests for admission. Nor does the record reflect any agreement between the parties or otherwise to extend the time for response.

MG then argued that the facts deemed admitted by Mazdak's failure to respond to the requests for admission entitled it to sum-

mary judgment.[1] The trial court agreed and also based summary judgment on Mazdak's failure to timely file affidavits in response to MG's motion and its belated proffer of unnotarized and undated affidavits not based on personal knowledge at oral argument. *Held*:

1. Mazdak's failure to respond to MG's requests for admission resulted in an admission that its service mark was similar to MG's and created a likelihood of confusion. OCGA § 9-11-36 (a) (2); *West v. Milner Enterprises*, 162 Ga. App. 667 (292 SE2d 538) (1982). This admission established a prima facie violation of OCGA § 10-1-450 (1), the statute prohibiting the nonconsensual use of colorable imitations of registered trademarks in connection with the advertising of any goods or services, if likely to cause confusion or mistake. OCGA § 10-1-450 (1). Mazdak's admission that MG's service mark was not associated with a religious symbol or a religion precluded its argument that registration was improperly granted as a service mark which falsely suggested a connection with a religious belief or institution. OCGA § 10-1-441 (2); see *Diedrich v. Miller & Meier &c.*, 254 Ga. 734, 735 (334 SE2d 308) (1985) (a trademark must be registered before an action will lie for its infringement).

Mazdak argues that responses to the requests for admission were unnecessary because the questions raised had already been asked and answered via its principal's testimony at an unrecorded arbitration hearing that the service mark had deep spiritual meaning to him. Absent a showing that Mazdak presented this argument to the trial court, we cannot reach it. This Court reviews enumerations to correct errors committed by trial courts. It lacks jurisdiction to consider arguments presented for the first time on appeal. *Jackson v. Ga. Lottery Corp.*, 228 Ga. App. 239, 245 (2) (491 SE2d 408) (1997); *McDaniel v. State*, 221 Ga. App. 43, 47 (1) (470 SE2d 719) (1996); see *Nowell v. Fain*, 174 Ga. App. 592, 593 (330 SE2d 741) (1985).

2. The trial court's refusal to consider affidavits opposing MG's motion for summary judgment which were not filed "prior to the day of the hearing" does not require reversal. OCGA § 9-11-56 (c). Untimely filed affidavits are barred unless the trial court permits them to be considered. *Dutton v. Dykes*, 159 Ga. App. 48, 49 (1) (283 SE2d 28) (1981). We decline to hold that the trial court abused its discretion in refusing to consider the affidavits when Mazdak's sole purported basis for seeking relief from this ruling was "oversight."[2] Id. Furthermore, in the absence of a transcript of the hearing, we must assume the correctness of the trial court's rulings, including its

---

[1] The record contains no response to MG's motion for summary judgment. Nor is there any record of the hearing on the motion for summary judgment.

[2] Moreover, according to the trial court, the affidavits proffered at the hearing were not notarized.

finding that even with consideration of the excluded affidavits, Mazdak failed to establish that the trademark was not entitled to be registered. *Hosseini v. Donino*, 222 Ga. App. 697 (1) (475 SE2d 665) (1996).

Mazdak argues that its failure to file a response to the motion for summary judgment (and presumably the accompanying affidavits) prior to the hearing was a harmless error caused by its counsel's admitted ignorance of Georgia law.[3] Mazdak's failure to provide a hearing transcript prevents us from ascertaining whether this argument was raised for the first time on appeal. *Jackson*, 228 Ga. App. at 245 (2).

3. Mazdak argues that the trial court erred in excluding as hearsay two books published in Iran. Mazdak's failure to proffer the books into evidence or provide a transcript of the hearing leaves us with nothing to review. See *Bagley v. CSX Transp.*, 219 Ga. App. 544, 547 (465 SE2d 706) (1995); *Leonard v. Ognio*, 201 Ga. App. 260, 262 (410 SE2d 814) (1991). Mazdak's failure to demonstrate error affirmatively by the record compels us to affirm. *Jackson*, 228 Ga. App. at 245 (2).

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED APRIL 1, 1998.

*Sean McLaughlin*, for appellant.
*Thomas C. Blaska & Associates, Joseph G. Mitchell*, for appellee.

---

[3] Mazdak's counsel, who represented it in the trial court and on appeal, is a member of the Alabama bar, appearing pro hac vice.