A01A0756. KENT v. A. O. WHITE, JR., CONSULTING<br>ENGINEER, P.C.
(553 SE2d 1)

ELDRIDGE, Judge.

In *Kent v. A. O. White, Jr., Consulting Engineer, P.C.*, 238 Ga. App. 792, 796 (7) (520 SE2d 481) (1999) ("*Kent v. White*") (see this case for facts), this Court held: "The judgment is affirmed in part as to the breach of contract and interest awards. It is also affirmed as to the findings of liability for fraud, punitive damages, and attorney fees. The judgment is reversed in part and the case remanded as to amount of the damages for fraud, attorney fees, and punitive damages." Kent now seeks on this appeal to reverse the retrial of the damages on three grounds: (1) that the trial court erred in reading to the jury a portion of the opinion in explaining and limiting the issues that they were to decide on the retrial; (2) that the trial court erred in entering judgment on the punitive damages award; and (3) that the trial court erred by entering judgment on the attorney fees award. The instruction to the jury limiting the issues for jury determination as described by this Court in its opinion was not error. This Court previously held that Kent was liable in some amount of punitive damages, which is conclusive of the issue of liability for punitive damages in some amount and cannot be relitigated. We returned the case for jury determination of the amount of punitive damages to be awarded in the enlightened conscience of fair and impartial jurors. Also, this Court held that Kent was liable for attorney fees; the evidence supported the amount of attorney fees awarded on retrial of this issue, as was found in the first trial. We affirm the judgment of

the trial court.

1. In this case, this Court on remand restricted the issues for jury determination to damages on retrial, because the affirmance of the judgment finding liability drastically restricted the issues for jury determination on subsequent retrial to damages only. *Kent v. White*, supra at 796.

Under the law of the case, neither Kent nor the jury could revisit the issues of liability for damages for fraud, punitive damages, or attorney fees; this is what the trial court properly instructed the jury using our opinion from the first appearance of this case before us. *Crowell v. City of Eastman*, 187 Ga. App. 891, 892 (1) (371 SE2d 667) (1988); see also *Intl. Indem. Co. v. Robinson,* 231 Ga. App. 236, 237 (2) (498 SE2d 795) (1998); *Lowman v. Advanced Drainage Systems,* 228 Ga. App. 182, 183-184 (491 SE2d 427) (1997); *Palm Restaurant of Ga. v. Prakas,* 192 Ga. App. 74, 76 (383 SE2d 584) (1989); *Stafford Enterprises v. American Cyanamid Co.,* 164 Ga. App. 646, 650 (299 SE2d 390) (1982). To charge the jury on the law, and even the facts, as affirmed on appeal is not reversible error where such facts have been precluded from relitigation under the law of the case.

*Hudson v. Hudson*, 90 Ga. 581, 587 (3) (16 SE 349) (1892), is distinguishable on the law and facts from this case; therefore, the case does not control. "Whenever it is necessary for this court to allude to or comment upon the facts of a case, we do so as they appear in the record then before us, but in another investigation the evidence may be, and often is, entirely different, and the case may present quite another complexion." Id. The law of the case froze the facts as to liability as tried in the first trial, and for this reason, the trial court so charged the new jury as to these fixed, previously determined facts so that they would not be retried by this jury. In *Hudson*, the issue of law disapproved by the Supreme Court was that the trial lawyer read the law and facts from an opinion to the jury, because the jury was to receive the law exclusively from the trial court. In this case, the trial court read the law and facts to the jury from this Court's prior opinion as determined applicable for this case and, thus, limited and defined this jury's special duties and responsibility on retrial of damage issues only. The reading from this Court's opinion defined for the jury what their limited role would be and did not involve facts that they were to decide in this new trial, which was unlike the situation in *Hudson*.

Similarly, *Allen v. Hiwassee Land Co.*, 172 Ga. App. 814 (1) (324 SE2d 742) (1984), has no application to the facts of this case pertaining to liability, because unlike that case, which was tried de novo, in this case the charge went only to issues of fact and law that could not be tried again by this jury, i.e., matters that were the law of the case, because the findings of liability by the prior jury had been affirmed

on appeal and had become the law of the case. Thus, the verdict of the prior jury resulting in a judgment of liability was affirmed by this Court as a matter of law.

2. Kent contends that the judgment for punitive damages was error for several reasons: it was excessive; it was a double recovery of damages in both tort and contract; and plaintiff made an election between contract damages and tort damages.

(a) OCGA § 51-12-5.1 made the standard of proof in cases for punitive damages clear and convincing evidence for determination of whether or not punitive damages in a case are appropriate prior to the determination of the amount of such damages in a bifurcated proceeding with the jury; the right to a bifurcated hearing separately on the appropriateness of punitive damages from aggravating circumstances and on the amount of damages is waived if the case goes to verdict without such procedure being followed, because such bifurcation is for the protection of the defendant. See OCGA § 51-12-5.1 (b), (d); Ga. L. 1987, p. 915, § 5; *Martin v. Williams*, 215 Ga. App. 649, 651 (2) (451 SE2d 822) (1994); *MultiMedia WMAZ v. Kubach*, 212 Ga. App. 707, 711 (3) (443 SE2d 491) (1994). Thus, the law of the case governs the issue of sufficiency of the evidence for the award of punitive damages, and this Court held that in this case the award of punitive damages was appropriate in an amount to be determined by a jury.

> In such cases the award is not measured as compensation, but is fixed in an amount necessary to deter future acts. The rule which requires the amount of punitive damages to evidence a reasonable proportion to the extent of the injury applies to exemplary damages for wounded feelings. The amount, as measured by the enlightened conscience of an impartial jury, which would be required to deter future acts necessarily depends upon the facts of the particular case.

(Citations, punctuation and emphasis omitted.) *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 341 (7) (319 SE2d 470) (1984). In this case, the evidence showed that Kent had repeated the identical tortious conduct in the same case subsequently with another expert witness, Brown. The evidence was sufficient to support punitive damages in such amount. Id.

> It is . . . true in considering excessiveness that an appellate court does not have the broad discretionary powers invested in trial courts to set aside verdicts, and where the trial court before whom the witnesses appeared had the opportunity of personally observing the witnesses has approved the ver-

dict, this court is without power to interfere unless it is clear from the record that the verdict of the jury was prejudiced or biased or was procured by corrupt means. The excessiveness of the verdict was raised below on motion for new trial and overruled by the judge who had presided over the trial. . . . And the Court trying the case, must receive more light on the question of excessive damages, than it can impart to any other Court. Considering all of the circumstances in this case, we do not find the trial court erred in declining to find the verdict excessive.

(Citations and punctuation omitted.) Id. at 341-342 (7).

(b) Kent complains that the amount of the punitive damages bears no proportionality to the fraud damages; however, the jury returned fraud damages in the amount of $18,407.75, which the trial court wrote off, and punitive damages of $750,000, which the trial court reduced to the statutory maximum of $250,000.

Kent relies upon *Colonial Pipeline Co. v. Brown*, 258 Ga. 115 (365 SE2d 827) (1988). First, such case arose in 1982 and was decided prior to the 1987 amendment so that the law is not the same as applied here. Ga. L. 1987, p. 915, § 5. Secondly, the opinion was rendered by a divided majority of four, who concurred in the judgment only, because a three-judge opinion was joined by a special concurrence in the judgment only to create the majority, while three judges dissented; therefore, the opinion has physical precedence only. See Art. VI, Sec. VI, Par. VI of the Ga. Const. of 1983; *Grantham Transfer Co. v. Hawes*, 225 Ga. 436, 439 (2) (169 SE2d 290) (1969); *McCurry v. McCurry*, 223 Ga. 334 (155 SE2d 378) (1967); *Southern R. Co. v. Parker*, 194 Ga. 94, 102 (2) (21 SE2d 94) (1942); Supreme Court Rule 58. "Although it is true that the punitive damage award here is approximately 45.5 times higher than the actual damage award, punitive damages may be given even where recoverable, actual damages are small, and the amount of the punitive damage award is exclusively a question for the jury to determine." (Citation and punctuation omitted.) *McClure v. Gower*, 259 Ga. 678, 684 (4) (385 SE2d 271) (1989); see also *Tyler v. Lincoln*, 272 Ga. 118, 121 (1) (527 SE2d 180) (2000).

This Court, after noting that the law of punitive damages had changed by statute from the purpose to compensate to deterrence and that it did not matter if punitive damages are disproportionate to the property damage, held:

Compelling punitive damage awards to be mathematically proportionate, except when given to compensate for wounded feelings, would create a judicial barrier to the

achievement of these clear and legitimate legislative purposes. The concept of proportionality as a legal limitation on the amount of punitive damages applies, in Georgia, only when such damages are given to compensate for wounded feelings. A deterrence award is based on factors, for the most part, unrelated to the injury to any particular victim, and is limited only by the collective conscience of the jury.

(Citation, punctuation and emphasis omitted.) *Oglethorpe Power Corp. v. Sheriff*, 210 Ga. App. 299, 301 (4) (b) (436 SE2d 14) (1993); see also *Hosp. Auth. of Gwinnett County v. Jones*, 261 Ga. 613, 614 (1) (409 SE2d 501) (1991); *Hosp. Auth. of Gwinnett County v. Jones*, 259 Ga. 759, 762 (2) (386 SE2d 120) (1989); *Gen. Motors Corp. v. Moseley*, 213 Ga. App. 875, 885 (8) (447 SE2d 302) (1994); *Clarke v. Cotton*, 207 Ga. App. 883-884 (1) (429 SE2d 291) (1993).

(c) The trial court eliminated the possibility of a double recovery for the same damages both in contract and fraud by setting off the contract damages against the fraud damages. Generally, "the election of remedies should occur before judgment is rendered[;] there is no reversible error in failing to require the plaintiff to do so where there is no risk of double recovery." *Efstathiou v. Reiss*, 227 Ga. App. 735, 739 (10) (490 SE2d 426) (1997); see also *All Risk Ins. Agency v. Belk*, 191 Ga. App. 576-577 (1) (382 SE2d 361) (1989). This is not a case in which the plaintiff failed to prove damages for fraud; in fact, plaintiff proved damages resulting from the fraud, which were special damages identical to the special damages for breach of contract, which the trial court wrote off to prevent a double recovery. The jury returned a verdict for special damages arising from the fraud which were identical to the damages already recovered for breach of contract. See *Hines v. Good Housekeeping Shop*, 161 Ga. App. 318, 322 (8) (291 SE2d 238) (1982).

However, Kent failed to preserve the issue of election of remedies prior to judgment between contract and tort damages and cannot do so for the first time on appeal now and has not pointed to that portion of the record demonstrating where such objection was made and ruled upon by the trial court. See *Nairon v. Land*, 242 Ga. App. 259, 261 (3) (529 SE2d 390) (2000); *Mazdak Auto Towing &c. v. Mid-Continental Group*, 231 Ga. App. 859, 860 (1) (501 SE2d 44) (1998); *Long v. Marion*, 182 Ga. App. 361, 362-363 (1) (355 SE2d 711) (1987).

3. Kent seeks to attack the award of attorney fees on the same basis that he attacks punitive damages, i.e., the fact that the trial court, on retrial, set off the fraud damages against the earlier award of contract damages so that there were tort damages awarded to support expenses of litigation. Under OCGA § 13-6-11, the same bad faith to establish fraud also establishes bad faith in a breach of con-

tract action. See *Ryland Group v. Daley*, 245 Ga. App. 496, 499-500 (3) (537 SE2d 732) (2000). However, this Court sent back for reconsideration the award of attorney fees, because "the attorney fees award may have also been related to the fraud award," which would require the retrial of such damages as well and not whether or not Kent was liable for such damages. *Kent v. White*, supra at 794. As a matter of law and fact, this Court determined that under either contract or tort theories, Kent was liable for attorney fees in some amount. Under the law of the case, it did not matter whether the attorney fees were recovered under a tort theory or a contract theory, because this Court had held such damages were recoverable and left open only the determination of how much. Id. Even under this state of the law and facts, the jury returned a verdict for fraud damages, which was sufficient to support the award of attorney fees. See *Woodhull Corp. v. Saibaba Corp.*, 234 Ga. App. 707, 712 (2) (507 SE2d 493) (1998); *Hines v. Good Housekeeping Shop*, supra at 321-322. Here, plaintiff received a verdict for special damages for fraud, but the trial court set such damages off against the earlier award of contract damages for the same special damages.

This issue is controlled by Divisions 1 and 2, because Kent did not preserve the issue of election of remedies prior to entry of judgment, and we are governed by the law of the case as determined in *Kent v. White*, supra at 794.

*Judgment affirmed. Miller, J., concurs. Andrews, P. J., concurs in judgment only.*

DECIDED MAY 24, 2001 —
RECONSIDERATION DENIED JUNE 7, 2001 

*Christopher J. McFadden*, for appellant.
*Hatcher, Stubbs, Land, Hollis & Rothschild, William B. Hardegree, Gregory S. Ellington*, for appellee.