S03A0664. COBB COUNTY et al. v. GEORGIA TRANSMISSION CORPORATION.

(578 SE2d 852)

CARLEY, Justice.

The Cobb County Board of Commissioners enacted a seven and one-half month moratorium on the construction of above-ground electrical transmission lines exceeding 115 kilovolts. Georgia Transmission Corporation (Appellee) filed a petition for declaratory judgment and injunctive relief against Cobb County and members of its Board of Commissioners (Appellants), asserting that the ordinance was unconstitutional. In an extensive order, the trial court concluded that the moratorium violated the home rule provision of the Georgia Constitution of 1983, Art. IX, Sec. II, Par. I (c), and the uniformity provision of the Georgia Constitution of 1983, Art. III, Sec. VI, Par. IV (a). Accordingly, the trial court granted declaratory judgment, and Appellants filed a notice of appeal. We granted a motion for expedited consideration of the appeal.

1. We recently held that a very similar ordinance, on its face, violated the home rule provision of the Georgia Constitution by effectively infringing on Appellee's exercise of its statutory power of eminent domain to acquire property interests for the construction of a high-voltage line specifically targeted by the ordinance. *Rabun County v. Georgia Transmission Corp.*, 276 Ga. 81, 84 (1) (575 SE2d 474) (2003). As Appellants themselves state, the only significant differences in the present moratorium and the one held invalid in

---

[14] See *Tessmer v. State*, 273 Ga. 220, 221 (539 SE2d 816) (2000).

*Rabun County* are the latter's greater length of three years, its prohibition of all new power lines, regardless of whether they are aboveground, and its application to lines which exceed 35, rather than 115, kilovolts. Because these differences are in degree, and not in kind, the instant case is not distinguishable. We therefore conclude that, under the controlling authority of *Rabun County v. Georgia Transmission Corp.*, supra at 84 (1), 86 (2), (3), the trial court correctly held that the Cobb County ordinance, on its face, violates the home rule provision of the Georgia Constitution.

2. This conclusion "renders it unnecessary to pass upon the other ground of attack upon the constitutionality of [the ordinance]." *Floyd County v. Scoggins*, 164 Ga. 485, 490 (2) (139 SE 11) (1927).

3. Appellants contend that the trial court erred by refusing to allow discovery so that they could respond to Appellee's evidence regarding whether the ordinance effectively prevented the exercise of its power of eminent domain. This contention is without merit. *Rabun County v. Georgia Transmission Corp.*, supra at 87 (5).

4. Contrary to the assertion of Appellants, the trial court correctly found that declaratory relief was appropriate to relieve Appellee of uncertainty and insecurity with regard to its rights, since the ordinance expressly targets the very power line proposed by Appellee and plainly prohibits the construction of that line or similar ones. See OCGA §§ 9-4-1, 9-4-2. If Appellee could not obtain declaratory relief, it would be in danger of losing a valuable property right as a result of the enforcement of the unconstitutional ordinance. See *Sarrio v. Gwinnett County*, 273 Ga. 404, 406 (2) (542 SE2d 485) (2001).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 24, 2003.

*Joseph B. Atkins, Dorothy H. Bishop*, for appellants.
*Sutherland, Asbill & Brennan, James A. Orr, Cheryl Lynn Haas-Goldstein*, for appellee.