985 So.2d 622 (2008)
ORANGE COUNTY, et al., Appellants,
v.
EXPEDIA, INC., Orbitz, LLC, and Orbitz, Inc., Appellees.
No. 5D07-2787.
District Court of Appeal of Florida, Fifth District.
June 13, 2008.
Motion for Certification Denied July 11, 2008.
*623 Erin J. O'Leary and Usher L. Brown, of Brown, Garganese, Weiss & D'Agresta, P.A., Orlando, Thomas B. Drage, Jr., of the Orange County Attorney's Office, Orlando, and Kaye Collie, General Counsel, Office of the Comptroller, Orlando, for Appellant.
David E. Cannella of Carlton Fields, P.A., Orlando, Matthew J. Conigliaro, of Carlton Fields, P.A., St. Petersburg, Paul E. Chronis and Elizabeth B. Herrington, of McDermott Will & Emery LLP, Chicago, of Counsel, and James P. Karen and Deborah S. Sloan of Jones Day, Dallas, of Counsel, for Appellees.
PLEUS, J.

Introduction
Orange County and Martha O. Haynie, Orange County Comptroller (plaintiffs below) appeal from a final order dismissing with prejudice their amended complaint for declaratory relief. As alleged in the amended complaint, the defendants, Expedia, Inc., Orbitz, LLC, and Orbitz, Inc. (defendants below) are internet travel companies that negotiate with hotels in Orange County, Florida for a discounted or wholesale price, from which they purchase room nights at such hotels. The defendants then re-sell these rooms to guests at a marked up or retail rate.
*624 Pursuant to Florida law, Orange County levies a Tourist Development Tax ("TDT") on hotel accommodations. The defendants allegedly pay this TDT on the wholesale price for the rooms they sell but do not remit the TDT on the difference between the wholesale price and the retail price which is charged to the actual guests.
The plaintiffs sued the defendants seeking a declaratory judgment that the TDT imposed by Orange County is due on the difference between the wholesale price and the retail price they receive for the rooms when they re-sell them. The defendants successfully moved to dismiss the amended complaint asserting, inter alia, that it failed to allege facts necessary to state a claim for declaratory relief and that the plaintiffs failed to exhaust administrative remedies.
On appeal, the plaintiffs argue that the trial court abused its discretion in dismissing their amended complaint because it alleges the requisite elements of a cause of action for declaratory relief. We agree.
The essence of this appeal revolves around the question of whether a taxing agency can obtain a declaratory judgment when in doubt as to the meaning or application of a tax statute or ordinance without the need to first exhaust the full panoply of administrative remedies associated with tax collection lawsuits. Consideration of this question implicates the nature of declaratory actions as well as policy considerations underlying the doctrine of exhaustion of administrative remedies.

Standard of Review
The standard of review of an order dismissing a complaint seeking a declaratory judgment is whether the trial court abused its discretion. Palumbo v. Moore, 777 So.2d 1177, 1178 (Fla. 5th DCA 2001). "The test of the sufficiency of a complaint in a declaratory judgment action is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention but whether he is entitled to a declaration of rights at all." South Riverwalk Inv., LLC v. City of Fort Lauderdale, 934 So.2d 620, 622 (Fla. 4th DCA 2006).

The Tourist Development Tax
It is the intent of the State to tax each and every rental for any living quarters or accommodations in any "hotel, apartment hotel, motel, resort motel, apartment, apartment motel, roominghouse, mobile home park, recreational vehicle park, or condominium for a term of 6 months or less," unless the transaction is made specifically exempt under Chapter 212, Florida Statutes. §§ 125.0104(3)(a), 212.21(2), Fla. Stat. (2007). Counties have the option of levying and imposing the tax, known as the "tourist development tax" or "TDT," on such rentals. § 125.0104(3)(b), Fla. Stat. (2007). Any county that chooses to levy and impose a TDT, and to self-administer the tax, is required to follow the duties and privileges regarding the administration and enforcement of the TDT as set forth in Chapter 212, Florida Statutes. § 125.0104(3)(g), (10)(c), Fla. Stat. If a county does not choose to self-administer its TDT, the authority for the administration of such lies with the Florida Department of Revenue ("DOR"). § 125.0104(10)(a), Fla. Stat.
Pursuant to section 125.0104(3)(b), Florida Statutes, Orange County has enacted the local option TDT, and its TDT is codified at section 25-136 through 25-138 of the Orange County Code (hereinafter "Code"). Under section 25-137 of the Code, the County has chosen to self-administer the tax, and has charged the Comptroller with the responsibilities of auditing, enforcing, assessing, and collecting the TDT. Orange County, Fla., Code, *625 § 25-137. Accordingly, the provisions of Chapter 212, Florida Statutes, including the legal principles governing the transient tax under section 212.03, Florida Statutes, are applicable and binding upon the County and the Comptroller in the administration and enforcement of the County's TDT. See § 125.0104(3)(g), Fla. Stat.
The TDT is due and payable for "every person who rents, leases, or lets for consideration any living quarters of accommodations in any hotel, apartment hotel, motel, resort motel, apartment, apartment motel, roominghouse, mobile home park, recreational vehicle part, or condominium for a term of six months or less," unless said rental is specifically exempt from taxation under Chapter 212, Florida Statutes. Orange County, Fla., Code § 25-136(a), The TDT is levied at the rates set forth in sections 25-136 and 25-136.1 of the Code, on the total amount of the consideration received by a "dealer" (as that term is defined in Florida law including section 212.06(2)(j), Florida Statutes and Florida Administrative Code Rule 12A-1.060(3)) for the letting of the living quarters or accommodations. Further, under section 212.03(1), Florida Statutes, tax is levied on "the total rental charged for ... living quarters or sleeping or housekeeping accommodations by the person charging or collecting the rental." (Emphasis added).
The plaintiffs allege that under Orange County's TDT, the defendants are "dealers" because they receive the consideration paid by the hotel guests for the right to occupy the hotel accommodations and as such, are required to collect and remit the TDT on the total consideration paid for the room by the guest. The defendants dispute the plaintiffs' reading of the statutory scheme and the applicability of the tax. This dispute forms the basis for the plaintiffs' request for declaratory relief.

Declaratory Judgments
Chapter 86, Florida Statutes, governs declaratory actions and gives to circuit and county courts jurisdiction to "declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed." § 86.011, Fla. Stat. (2007). As stated in section 86.021, Florida Statutes, entitled "Power to construe":
Any person claiming to be interested or who may be in doubt about his or her rights ... or whose rights, status, or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, ... may have determined any question of construction or validity arising under such statute, regulation, ... and obtain a declaration of rights, status, or other equitable or legal relations thereunder.
The purpose of Chapter 86 is "to settle and to afford relief from insecurity and uncertainty with respect to rights, status, and other equitable or legal relations and is to be liberally administered and construed." § 86.101, Fla. Stat. "A party is entitled to a declaration of rights where the ripening seeds of controversy make litigation in the immediate future appear unavoidable." South Riverwalk, 934 So.2d at 623. Finally, "the existence of another adequate remedy does not preclude" declaratory relief. § 86.111, Fla. Stat.
It is well settled that to obtain declaratory relief, a party must show that:
[T]here is a bona fide, actual, present practical need for declaration; that the declaration should deal with present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of complaining party is dependent on fact or law applicable to facts; that there is some person or persons who have, or reasonably may have actual, present, adverse and antagonistic *626 interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity.
Palumbo v. Moore, 777 So.2d at 1177, 1178 (quoting May v. Holley, 59 So.2d 636, 639 (Fla.1952)).
The plaintiffs argue that their amended complaint satisfies these requisites. We agree that it does.

Amended Complaint
The amended complaint alleges a present and practical need for declaratory relief. It alleges that the defendants are "dealers" for purposes of the TDT, that the defendants owe the TDT on "the total rental charged" for hotel rooms which they let, but that the defendants are only collecting and remitting the TDT on the wholesale price they pay for these rooms and not on the total consideration they receive for the rooms. These allegations relate the existence of an actual, bona fide, present dispute over the interpretation and effect of the Florida statutes and Orange County ordinances relating to the plaintiffs' legal duties to collect the TDT. There is nothing abstract, conjectural or ephemeral about the claim raised by the plaintiffs.
The plaintiffs have alleged a present dispute with these defendants over definite facts and the need for a declaration of their rights under the applicable statutes and county code provisions. Concern about the absence of a precise amount claimed due by the plaintiffs is irrelevant to maintenance of this declaratory action since such an action, if otherwise proper, is not barred because "further relief is or could be claimed." § 86.011, Fla. Stat. The plaintiffs are not simply asking for instructions from the trial court as to how to proceed against the defendants; rather, they seek a judicial declaration determining their legal entitlement to assess the TDT on the retail price charged by the defendants for hotel rooms. Specifically, the questions set out in the amended complaint for declaratory relief are: (1) whether, under the applicable statutes, the defendants are "dealers" for the TDT, (2) whether the difference between the wholesale price and the retail price charged guests is subject to the TDT, and (3) whether the defendants should remit to Haynie the TDT due on the total consideration paid for the hotel rentals at retail.
The defendants erroneously claim that the absence of an actual assessment of unpaid taxes due renders the amended complaint purely advisory in nature. The amended complaint alleges definite and concrete facts. See Register v. Pierce, 530 So.2d 990, 992 (Fla. 1st DCA 1988). Specifically, the amended complaint alleges that the defendants are purchasing hotel rooms at a wholesale price, selling them at a "marked up" or retail rate, but are only collecting and transmitting the TDT on the wholesale price. In their motion to dismiss, the defendants acknowledge disagreement with the plaintiffs as to applicability of the tax. Antagonistic, adverse interests are presented.

Standing of County to Bring Declaratory Action
The defendants additionally argue that Orange County lacks standing to sue for a declaratory judgment under Department of Revenue v. Markham, 396 So.2d 1120 (Fla.1981). We disagree. Markham involved a declaratory action brought by William Markham, a county property appraiser, who claimed doubt about the law as to whether household goods owned by non-residents were exempt from taxation. Markham additionally expressed dissatisfaction *627 with the wisdom of the law. The Florida Supreme Court ruled that Markham lacked standing in his official capacity to bring the action. The Court explained that due to "important policy reasons, courts have developed special rules concerning the standing of government officials to bring a declaratory judgment action questioning a law those officials are duty bound to apply." 396 So.2d at 1121. The Court explained:
As a general rule, a public official may only seek a declaratory judgment when he is "willing to perform his duties, but... prevented from doing so by others." Reid v. Kirk, 257 So.2d 3, 4 (Fla.1972). Disagreement with a constitutional or statutory duty, or the means by which it is to be carried out, does not create a justiciable controversy or provide an occasion to give an advisory judicial opinion. See Askew v. City of Ocala, 348 So.2d 308 (Fla.1977).
Id.
Since under Chapter 195 county property appraisers had a clear statutory duty to comply with DOR regulations governing taxability of household goods, Markham lacked standing for declaratory relief in his governmental capacities.
In the instant case, the County is not bringing this action to challenge the laws governing TDT. Instead, the County alleges that it is attempting to enforce the law. The defendants seek to equate the County's doubt about its need to perform an audit of or demand payment of a precise amount from them as a condition precedent to bringing this action with "questioning" the law. This is not so. Unlike the plaintiff in Markham, the plaintiffs here are seeking to collect the TDT and have expressed their willingness to perform their duties though they believe an audit should be conducted after they receive a declaration that they are indeed entitled to assess and recover the TDT on the retail charge collected by the defendants.
In summary, the plaintiffs clearly: (a) have standing to bring this declaratory action, and (b) have alleged an actual, bona fide dispute with the defendants presenting a practical need for a declaration of rights.

Exhaustion of Administrative Remedies
The defendants argue that the plaintiffs must exhaust administrative remedies before filing what they label this "tax collection suit" and that the plaintiffs cannot employ a declaratory action to circumvent this requirement. See Odham v. Foremost Dairies, Inc., 128 So.2d 586 (Fla.1961). The defendants contend that the County has a "host of administrative remedies" available for collection of the TDT and is required to exhaust those mandatory remedies before instituting litigation. The defendants add that the County does not assert any of the recognized exceptions to the requirement for exhaustion which include cases in which administrative remedies are inadequate or futile, cases where the agency acts without statutory authority in clear excess of its delegated powers, and cases in which certain constitutional challenges are raised. See Dist. Bd. of Trustees v. Caldwell, 959 So.2d 767, 770 (Fla. 4th DCA 2007).
The plaintiffs acknowledge that by electing to enforce the TDT locally, they essentially step into the shoes of the DOR for purposes of enforcing the TDT and in effect become an administrative agency for the limited purpose of the TDT. The plaintiffs recognize that the county comptroller has the responsibility of auditing, enforcing, assessing and collecting the TDT from "dealers" such as the defendants. See Orange County, Fla., Code § 25-137.
The TDT statutes, specifically section 212.12(5)(b), Florida Statutes, provides:

*628 In the event any dealer or other person charged herein fails or refuses to make his or her records available for inspection so that no audit or examination has been made of the books and records of such dealer or person, fails or refuses to register as a dealer, fails to make a report and pay the tax as provided by this chapter, makes a grossly incorrect report or makes a report that is false or fraudulent, then, in such event, it shall be the duty of the department to make an assessment from an estimate based upon the best information then available to it for the taxable period of retail sales or such dealer, the gross proceeds from rentals, the total admissions received, amounts received from leases of tangible personal property by such dealer, or of the cost price of all articles of tangible personal property imported by the dealer for use or consumption or distribution or storage to be used or consumed in this state, or of the sales or cost price of all services the sale or use of which is taxable under this chapter, together with interest, plus penalty, if such have accrued, as the case may be. Then the department shall proceed to collect such taxes, interest, and penalty on the basis of such assessment which shall be considered prima facie correct, and the burden to show the contrary shall rest upon the dealer, seller, owner, or lessor, as the case may be.
(Emphasis added).
The defendants observe that this provision, along with the provisions contained in section 212.13(5)(a) involving advance notice of an audit and those contained in sections 213.015 and 213.731 dealing with notice of tax claims and an opportunity to protest, are binding on the County by virtue of its decision to impose a local TDT. The defendants argue that all these provisions create an administrative framework, that the process must be completed before a lawsuit is filed to recover any unpaid TDT, and that since it was not even undertaken, dismissal of the declaratory judgment action was prudent and correct. We reject this argument.
Specifically, the defendants rely on two Florida circuit court decisions dismissing actions to recover a TDT, City of Jacksonville v. Hotels.com L.P., et al., Case No. 006-CA-005393-CA 5 (Circuit Ct. Duval County, dismissed August 21, 2007) and Miami-Dade County v. Internetwork Publishing Corp. d/b/a Lodging.com, et al., Case No. 6-19187 CA 5 (Circuit Ct. Dade County, voluntarily dismissed January 18, 2007).[1] The City of Jacksonville case involved a dismissal for failure of the taxing agency to exhaust "its administrative remedies to determine, assess, and collect unpaid taxes owed by the Defendants." However, the complaint in City of Jacksonville was a five-count complaint alleging causes of action for failure to collect and/or remit TDT, conversion, unjust enrichment, imposition of a constructive trust and finally for declaratory relief. Unlike the present case where the plaintiffs seek a preliminary legal determination as to whether, under the applicable law, the defendants owe the TDT on the retail rate for which they let hotel rooms, City of Jacksonville was an actual tax collection action to recover a money judgment for sums which the taxing agency had failed to pursue by way of the administrative process.
The plaintiffs urge that this distinction is crucial, and point out that in their *629 amended complaint they are merely seeking a declaration as to whether, under the applicable statutes and ordinance, the defendants are liable for the TDT on the retail price they receive for the hotel rooms. Only in the event of an affirmative answer will tax collection efforts be undertaken and at that time the administrative process referenced above will be fully implemented, culminating in a final assessment as per section 72.011, Florida Statutes (2007).
We believe the plaintiffs' distinction is sound. The administrative remedies referenced by the defendants relate to disputes arising in the context of a tax collection proceeding. The present dispute presents a threshold legal question, the answer to which may render such collection proceedings moot. Thus, in the present context, it is illogical to require the parties to submit to the cumbersome, expensive process associated with a tax collection action when such process may prove to be entirely unnecessary.
The defendants' position would effectively preclude a taxing agency from availing itself of a declaratory judgment proceeding to dispel a legitimate doubt as to its "rights, status or other equitable or legal relations" under a statute or ordinance governing taxation where administrative remedies associated with collection of such taxes exist. § 86.021, Fla. Stat. Such entity would have to use the administrative process associated with collection efforts to obtain a threshold legal determination. Nothing in Chapter 86 suggests that taxing entities cannot, in a proper case, avail themselves of its provisions. In fact, Chapter 86 is to be liberally administered and construed, § 86.101, Fla. Stat., and the existence of other adequate remedies does not preclude declaratory relief. § 86.111, Fla. Stat.
Use of a declaratory action in the present circumstances does not amount to an "end run" around the mandatory administrative remedies associated with TDT collection efforts since the immediate aim of the declaratory proceeding is not to obtain a money judgment against the defendants for unpaid taxes. The administrative process will be triggered if the plaintiffs prevail in the declaratory action and then pursue supplemental relief for actual recovery of unpaid taxes. Given this conclusion, the decisions in Sarnoff v. Florida Department of Highway Safety, 825 So.2d 351 (Fla.2002), Gulf Pines Memorial Park, Inc. v. Oaklawn Memorial Park, Inc., 361 So.2d 695 (Fla.1978) and Key Haven Associated Enterprises v. Board of Trustees of Internal Improvement Trust Fund, 427 So.2d 153, 157 (Fla.1982), are distinguishable as the plaintiffs are not eschewing available administrative remedies. Those remedies apply to tax collection proceedings but the present dispute has not yet ripened into a true collection action. Rather, the plaintiffs possess real doubt as to whether there exists any tax to collect and seek to have that doubt dispelled by way of a declaratory decree. The existence of such doubt is clearly illustrated by the absence of any causes of action for conversion, constructive trust, and the like against the defendants.
The defendants maintain that under Kelner v. Woody, 399 So.2d 35, 38 (Fla. 3d DCA 1981), "the court may decline to grant a declaratory decree where more appropriate redress is available," but what is "more appropriate" about requiring the plaintiffs' threshold question to be considered only after a complete audit of the defendants' business records and an extended tax contest? Indeed, the plaintiffs urge that a declaratory action is prudent since it allows the threshold legal question to be answered without the initial need to: (1) obtain detailed financial information *630 from the defendants as to innumerable business transactions, and (2) undertake the time and expense of an audit of each defendant which may prove entirely unnecessary if the questions are answered adversely to the plaintiffs.
There are a plethora of lawsuits across the country over whether tourist development taxes, or the "bed tax" as it is labeled in some jurisdictions, apply to the wholesale price or rather to the retail price which "dot com" travel service companies charge guests. These lawsuits are based upon the specific language of each jurisdiction's taxing scheme and on the variety of causes of action pled though the plaintiffs observe that their action appears to be the only case to date nationwide which is brought solely as a declaratory judgment action. A number of these lawsuits have survived motions to dismiss though in some of these cases, exhaustion of administrative remedies was not raised. See, e.g., Leon County v. Hotels.com, 2006 WL 3519102 (S.D.Fla. Dec. 6, 2006); City of San Antonio v. Hotels.com, 2007 WL 1541184 (W.D.Tex. Mar. 20, 2007); City of North Myrtle Beach v. Hotels.com, No. 4:06-CF-3063 (D.S.C. Sept. 30, 2007).
In other cases exhaustion of administrative remedies was raised but was rejected for varying reasons, none of which are applicable to the present case. See, e.g., City of Charleston, S.C. v. Hotels.com, 520 F.Supp.2d 757 (D.S.C. 2007) (rejecting contention that South Carolina's Revenue Procedures Act applies to "bed tax" assessments); Louisville/Jefferson County v. Hotels.com, 2007 WL 2323322 (W.D.Ky. Aug. 10, 2007) (exhaustion doctrine inapplicable because defendants claimed local "bed tax" ordinance did not apply to them and if it did, it was unconstitutional).
The plaintiffs acknowledge several decisions in which motions to dismiss have been granted, at least in part, or where the actions have been stayed pending completion of administrative remedies. See, e.g., City of Atlanta v. Hotels.com, 288 Ga.App. 391, 654 S.E.2d 166 (2007); City of Philadelphia v. Hotels.com, 2006 WL 1520749 (Pa.Comm.Pl. May 25, 2006). However, both the City of Atlanta and City of Philadelphia cases involved actions for monetary damages, conversion and unjust enrichment. As stated in the City of Philadelphia decision, the taxing authority was seeking "disgorgement and restitution of the funds owed to the plaintiff" without having "ever performed an audit, provided notice, or attempted to collect the tax from Defendants, other than filing the instant lawsuit." That circumstance is not presented in the instant case.

Conclusion
The amended complaint for declaratory relief does not directly seek entry of a money judgment for unpaid taxes. The trial court misperceived the nature of this action and abused its discretion in concluding that the plaintiffs were obligated to pursue administrative remedies prior to obtaining a judicial declaration as to whether the defendants are legally obligated to pay the TDT on the retail charges they collect. The order dismissing the amended complaint is reversed and the cause remanded for further proceedings.
REVERSED and REMANDED.
EVANDER and COHEN, JJ., concur.
NOTES
[1] The Miami-Dade County case involved a voluntary dismissal by the County and its Tax Collector. The precise nature of the cause(s) of action pled are unknown so the dismissal is of no real value to the present case.