## S08G0568. CITY OF ATLANTA v. HOTELS.COM, L.P. et al.

(674 SE2d 898)

HUNSTEIN, Presiding Justice.

In 2006, Appellant City of Atlanta filed suit against Appellee Hotels.com, L.P., and several other online travel companies ("OTCs")[1] seeking recovery for the OTCs' alleged liability for unpaid hotel occupancy taxes. Following the trial court's dismissal of the City's action, the Court of Appeals affirmed based on lack of subject matter jurisdiction due to the City's failure to exhaust available administrative remedies. *City of Atlanta v. Hotels.com*, 288 Ga. App. 391 (654 SE2d 166) (2007). We granted certiorari to address whether the Court of Appeals erred in holding (1) that the relevant tax statutes and ordinance require exhaustion of administrative remedies as a mandatory prerequisite to initiation of judicial proceedings; and (2) that no exception to the exhaustion doctrine applies under the circumstances presented. For the reasons set forth below, we find that the decisions below must be vacated to allow for the adjudication of the City's claim for declaratory judgment as to the threshold issue regarding the applicability of the tax statutes and ordinance.

As explained by the Court of Appeals:

So that counties and cities can raise revenue for tourism promotion and the provision of other local government services, the General Assembly enacted OCGA § 48-13-50 et seq. (the "Enabling Statutes"), authorizing local governments to levy and collect an excise tax pertaining to the furnishing of hotel rooms, lodgings, and accommodations. See OCGA §§ 48-13-50; 48-13-51 (a) (1) (A). The hotel . . . occupancy tax is imposed upon "any person or legal entity licensed by or required to pay a business or occupation tax to the governing authority imposing the tax for operating a hotel [or similar facility]." OCGA § 48-13-51 (a) (1) (B) (i). The tax also is imposed upon hotel guests, who must pay the tax "to the person or entity providing the room, lodging, or accommodation." OCGA § 48-13-51 (a) (1) (B) (ii). The person or entity who collects the tax from the hotel guest then must "remit the tax to the governing authority imposing the tax." Id. The failure to collect or remit the tax is

---

[1] The companies are Hotels.com, L.P.; Hotels.com, GP, LLC; Hotwire, Inc.; Cheap Tickets, Inc.; Cendant Travel Distribution Services Group, Inc.; Expedia, Inc.; Internetwork Publishing Corporation (d/b/a Lodging.com); Lowestfare.com, Inc.; Onetravel Holdings, Inc.; One-travel, Inc.; Orbitz, Inc.; Orbitz, LLC; Priceline.com, Inc.; Site59.com; Travelocity.com, Inc.; Travelocity.com, L.P.; and Travelnow.com, Inc.

subject to civil and criminal penalties. OCGA §§ 48-13-58; 48-13-59.

Under the Enabling Statutes, counties and cities that choose to impose the hotel . . . occupancy tax are authorized to devise "the rate of taxation, the manner of imposition, payment, and collection of the tax, and all other procedures related to the tax," unless otherwise specifically provided for in the Enabling Statutes. OCGA § 48-13-53. Pursuant to this authorization, the City of Atlanta enacted its Hotel or Motel Occupancy Tax Ordinance, § 146-76 et seq., which imposes "a tax of seven percent of the rent for every occupancy of a guestroom in a hotel in the city." City of Atlanta Code of Ordinances (the "City Code") § 146-79.

*City of Atlanta*, supra, 288 Ga. App. at 391-392.

The City alleges that the OTCs, which operate as online retailers of hotel rooms and other travel-related products and services, are subject to Atlanta's hotel occupancy tax. Specifically, the City asserts that the OTCs contract with hotel companies to "purchase" blocks of rooms at a wholesale rate and subsequently "resell" them to consumers at a marked-up retail rate, keeping the difference as profit. The City further asserts that, after reselling the rooms, the OTCs forward to the hotel companies amounts intended to cover the hotel occupancy tax on the rooms sold, calculated on the wholesale price rather than the higher retail price; the hotels then remit to the City the taxes on their rooms sold. It is undisputed that the OTCs do not directly remit any hotel occupancy taxes to the City. Indeed, the crux of their position in this and the "plethora of [similar] lawsuits across the country," *Orange County v. Expedia, Inc.*, 985 So2d 622, 630 (Fla. Dist. Ct. App. 2008), is that, because they do not physically operate any hotels, they are not subject to the hotel occupancy tax.

Asserting that the OTCs are subject to the hotel occupancy tax under the Enabling Statutes and Atlanta's hotel tax ordinance, the City filed suit seeking a declaration that the OTCs are subject to the hotel tax ordinance, and thus must register and make filings in accordance therewith and collect and remit the required taxes on the retail price paid by consumers for hotel rooms sold; a permanent injunction requiring collection and remittance to the City of hotel occupancy taxes based on the retail price paid by consumers; and recovery of past unremitted taxes with interest and penalties as prescribed under the hotel tax ordinance. The City's complaint also asserts common law claims for conversion and unjust enrichment and seeks imposition of a constructive trust and the conducting of an equitable accounting as to unremitted hotel occupancy taxes.

It is undisputed that the City did not, prior to filing suit, attempt to calculate any estimated amount of taxes the OTCs had allegedly failed to remit or attempt to make an assessment on any of them. On this basis, the trial court dismissed the City's suit in its entirety, holding that it lacked subject matter jurisdiction over the case because the City had failed to exhaust the administrative remedies provided under the Enabling Statutes and hotel tax ordinance. The Court of Appeals affirmed, holding that the City was required to estimate, assess, and provide written notice of taxes due as a mandatory prerequisite to filing suit for recovery under the hotel tax ordinance; that the City was not excused from the exhaustion requirement under the theory that pursuit of administrative remedies would be futile or result in irreparable harm; and that the City's common law claims, as mere indirect conduits for tax collection, were likewise not viable.

As noted above, whether the hotel tax ordinance actually applies to the OTCs is a strenuously contested issue in this case and one which neither the trial court nor the Court of Appeals has yet resolved. In our view, the City cannot be required to exhaust an administrative process as a prerequisite to obtaining a determination that the ordinance prescribing that process even applies in the first place. Accordingly, we hold that, until the threshold legal issue of applicability of the hotel tax ordinance has been resolved, the City should not be required to submit to the administrative process set forth therein. Accord *Orange County*, supra, 985 So2d at 629 (reversing dismissal of county's hotel tax suit against OTCs and remanding for resolution of "threshold legal question" of applicability of tax ordinance). See generally *USA Payday Cash Advance Centers v. Oxendine*, 262 Ga. App. 632, 634 (585 SE2d 924) (2003) (resolving threshold issue of application of Industrial Loan Act to parties prior to dismissing action for failure to exhaust administrative remedies under the Act).

This Court has recognized that the exhaustion doctrine "does not apply where the defect urged by the complaining party goes to the jurisdiction or power of the [involved] agency . . . . [Cits.]" *Cravey v. Southeastern Underwriters Assn.*, 214 Ga. 450, 457 (3) (105 SE2d 497) (1958). See generally *City of Waycross v. Reid Rental Co.*, 186 Ga. App. 452, 454 (367 SE2d 305) (1988) (adopting rationale in *Cravey*, supra, in sustaining claim for declaratory judgment). The Court of Appeals has likewise recognized that a failure to exhaust administrative remedies does not preclude a declaratory ruling to determine a party's authority to act. See *DBL, Inc. v. Carson*, 284 Ga. App. 898 (2) (645 SE2d 56) (2007) (declaratory judgment properly granted despite failure to exhaust administrative remedies where claimant challenged commission's authority to issue water bottom

lease); *AT&T Wireless PCS v. Leafmore Forest Condominium Assn.*, 235 Ga. App. 319 (2) (509 SE2d 374) (1998) (declaratory judgment properly granted despite failure to exhaust administrative remedies where claimant challenged department's authority to issue building permit).

In this case, the threshold issue of whether the tax ordinance applies is absolutely determinative of the City's jurisdiction over the OTCs for tax purposes.

> [T]he central issue at this stage of this litigation is whether [the OTCs] are subject to the Ordinances at all. Such a determination is fundamentally legal, not administrative, in nature, and the Ordinances do not give the [City's Chief Financial Officer (CFO)] the authority to determine the scope of the law. Furthermore, the court finds it difficult to believe that what [the OTCs] actually desire is for the [CFO], a municipal employee working under a municipal executive who has a vested interest in maximizing tax revenue, to have the ultimate authority to determine whether parties located outside municipal boundaries are in fact subject to municipal taxes. While the [CFO] does have exclusive control over the administrative tasks of assessing and collecting a given tax, it is the province of the courts, as the branch of government most disinterested in the outcome, to determine whether a party is subject to a tax or not.

*City of Charleston v. Hotels.com*, 520 FSupp.2d 757, 771 (I) (C) (4) (D.S.C. 2007).

Under OCGA § 9-4-2, the courts of this State are authorized "[i]n cases of actual controversy" and "in any civil case in which . . . the ends of justice [so] require" to "declare rights and other legal relations of any interested party petitioning for such declaration." Id. at (a), (b). Cities, like other litigants, are entitled to avail themselves of declaratory relief under OCGA § 9-4-2. See generally *Higdon v. City of Senoia*, 273 Ga. 83 (1) (538 SE2d 39) (2000). "The purpose of [the Declaratory Judgment Act] is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; [the Act] is to be liberally construed and administered." OCGA § 9-4-1. See also *Calvary Independent Baptist Church v. City of Rome*, 208 Ga. 312, 314 (3) (66 SE2d 726) (1951) (noting Declaratory Judgment Act's broad scope and comprehensive nature). Thus, to state a claim for declaratory judgment, a party need only allege the existence of a justiciable controversy in which future conduct depends on resolution of uncertain legal relations. See

*Higdon*, supra, at 85 (city stated claim for declaratory relief where it alleged it was prevented from annexing property by unconstitutional statute); *Cobb County v. Ga. Transmission Corp.*, 276 Ga. 367 (4) (578 SE2d 852) (2003) (utility properly sought declaratory judgment to resolve constitutionality of ordinance having effect of prohibiting utility's construction of electrical transmission lines); *Woodside v. State Hwy. Dept.*, 216 Ga. 254 (1) (115 SE2d 560) (1960) (state highway board stated claim for declaratory judgment where it alleged uncertainty as to duty to provide lateral support for structures on property adjacent to that condemned by state for highway construction).

Here, the City seeks relief from its uncertainty as to whether it is authorized to demand access to the OTCs' books and records in order to estimate and assess taxes due under the hotel tax ordinance.[2] In other words, because there is a bona fide dispute over the applicability of the ordinance, the City's rights and obligations thereunder have not sufficiently "accrued" so as to preclude declaratory relief. Compare *Womble v. State Bd. &c. in Optometry*, 221 Ga. 457, 459 (1) (145 SE2d 485) (1965) (declaratory judgment claim properly dismissed where defendant alleged only to have violated clearly applicable rules); *Pinkard v. Mendel*, 216 Ga. 487 (2) (117 SE2d 336) (1960) (declaratory judgment claim not cognizable where dispossessory proceedings already initiated and thus "rights of the parties [had] already accrued"); *State of Ga. v. Hospital Auth. of Gilmer County*, 213 Ga. 894, 898-899 (102 SE2d 543) (1958) (declaratory judgment claim properly dismissed where defendant had already purportedly violated contract with State). Therefore, the City has properly stated a claim for declaratory judgment as to the applicability of the hotel tax ordinance.[3]

Resolving the threshold legal issue first via the City's proper claim for declaratory judgment is not only analytically sound but also

---

[2] Our determination that uncertainty over the City's taxation and attendant audit powers with respect to the OTCs under the hotel tax ordinance is a sufficient basis for declaratory relief in this case should not be construed as a retraction of our recognition of the broad tax audit powers of the state Department of Revenue. See *Undercofler v. Eastern Air Lines*, 221 Ga. 824 (5) (147 SE2d 436) (1966); OCGA § 48-2-8 (a) (4).

[3] Though we have held that declaratory judgment actions should not be used in such a way as to "'interfere with'" the rights or responsibilities of parties to avail themselves of special statutory or administrative remedies specifically provided to resolve any such conflicts, see *Woodham v. City of Atlanta*, 283 Ga. 95, 99 (3) (756 SE2d 528) (2008); *George v. Dept. of Natural Resources*, 250 Ga. 491, 492 (299 SE2d 556) (1983), we do not view the City's declaratory judgment claim as an interference in the administrative process. Rather, the claim is intended simply to determine whether the administrative process is relevant (i.e., whether the hotel tax ordinance, and its attendant administrative process, apply herein) and, if so, to pave the way for its implementation.

prudent on a practical level because it

> allows the threshold legal question to be answered without the initial need to: (1) obtain detailed financial information from the defendants as to innumerable business transactions, and (2) undertake the time and expense of an audit of each defendant which may prove entirely unnecessary if the [threshold issue were] answered adversely to the plaintiffs.

*Orange County*, supra, 985 So2d at 629-630. This holds true particularly here, where the OTCs have indicated — through their insistence that the hotel tax ordinance does not apply to them — that they will not acquiesce to a tax audit. Furthermore, the issuance of declaratory relief in these circumstances

> does not amount to an "end run" around the . . . administrative remedies associated with [hotel tax] collection efforts since the immediate aim of the declaratory proceeding is not to obtain a money judgment against the defendants for unpaid taxes.

Id. at 629. Once the threshold issue is resolved, the administrative process may be invoked to undertake the mechanics of tax collection in the event the tax ordinance is found to apply.[4]

Accordingly, we hold that the City's claim for declaratory judg-

---

[4] The dissent takes issue with this approach primarily on the ground that our disposition only forestalls the inevitable dismissal of the City's claims, on the basis either (a) that the hotel tax ordinance does not apply and thus the City has failed to state a claim or (b) that the hotel tax ordinance does apply, requiring the City to have exhausted its administrative remedies prior to initiation of its suit. This analysis, however, is flawed in a number of respects. First, it is premised upon the determination that the administrative process outlined in the hotel tax ordinance and Enabling Statutes is mandatory and the finding that no exception to the exhaustion rule applies, issues that, given our holding herein, we need not, and thus have not, reached. See *CSX Transp. v. City of Garden City*, 279 Ga. 655, 658, n. 5 (619 SE2d 597) (2005) ("This Court will not issue an advisory opinion."). Next, even assuming the administrative process to be mandatory and not excused in this case, it does not follow that the City's tax collection claims, if viable under the hotel tax ordinance, would necessarily be subject to dismissal. Were the hotel tax ordinance to be found applicable, the trial court would have the option of staying, rather than dismissing, the City's tax collection claims pending exhaustion of administrative remedies. See, e.g., *City of Rome v. Hotels.com*, No. 4:05-CV-0249-HLM, slip op. (N.D. Ga. May 10, 2007) (unpublished opinion) (staying tax collection claims pending City's exhaustion of administrative remedies). In addition, in the event the hotel tax ordinance were found not to apply, the City's common law claims for conversion, constructive trust, and unjust enrichment, which do not depend on the ordinance's applicability, might nonetheless remain viable, a matter on which we express no opinion here. See id. at 83 (noting that if tax ordinance doesn't apply, "Plaintiffs may be able to seek recourse in the Court through their common law . . . claims for recoupment of monies improperly collected as 'taxes' and never remitted"); *City of Findlay v. Hotels.com*, 441 FSupp.2d 855, 863-865 (C), (D) (N.D. Ohio 2006) (denying motion to dismiss claims for constructive trust and conversion despite finding that OTCs were not "vendors" under city's hotel tax ordinance). Thus, the dissent's position is unfounded.

ment as to the applicability of the hotel tax ordinance should not have been dismissed based on the City's failure to exhaust administrative remedies and should, rather, be resolved on its merits. We therefore vacate the judgment of the Court of Appeals and remand with direction to vacate the trial court's dismissal order and direct the trial court to adjudicate the City's claim for declaratory judgment as to the applicability of the hotel tax ordinance.

*Judgment vacated and remanded with direction. All the Justices concur, except Hines and Melton, JJ., who dissent.*

MELTON, Justice, dissenting.

We granted certiorari in this case specifically to determine whether the City of Atlanta's attempt to collect hotel occupancy taxes from Hotels.com was improper because the City failed to exhaust its administrative remedies prior to filing its collection action in superior court. Under the clear law applicable to this case, the City was required to exhaust its administrative remedies, and, as a result, its current collection action is no longer viable. No remand of this case to the trial court can alter this result, and any such remand will simply defer justice by postponing this inevitable ruling. For this reason, I must respectfully dissent.

In 2006, the City filed a lawsuit against Hotels.com seeking a permanent injunction that would require Hotels.com to remit hotel occupancy taxes allegedly owed to the City. At its foundation, this part of the City's complaint comprised a collection action against Hotels.com for back taxes based on the rental of hotel rooms.[5] In addition to its collection claim, the City also raised a separate count in its complaint asking for a declaratory judgment that Hotels.com was subject to taxation. The City based its lawsuit on its Hotel or Motel Occupancy Tax Ordinance, City of Atlanta Code of Ordinances § 146-76 et seq., which it enacted pursuant to the Enabling Statutes established by the Legislature. See OCGA § 48-13-50 et seq. The City's ordinance provides that, in order to collect the tax, the City must first estimate the amount of gross receipts or rentals subject to the tax, compute the amount of tax based on this estimate, and give the taxpayer notice of this amount. Then, if the taxpayer fails to make a return and pay the tax, the City must make an estimate of taxable charges for the taxable period and must collect the taxes and penalties based on this assessment.

It is undisputed that, despite the fact that the City chose to initiate a collection action for taxes against Hotels.com under an

---

[5] In its efforts to collect the tax, the City goes so far as to contend that Hotels.com converted the money owed or was unjustly enriched by retaining it.

ordinance that it created, the City did not follow any part of the mandatory procedures required by that ordinance prior to filing suit for collection of occupancy taxes. Based on these facts, the trial court dismissed the City's complaint in its entirety, finding that because the City failed to exhaust its administrative remedies, the trial court had no jurisdiction over the case. The Court of Appeals affirmed this decision, and we granted certiorari specifically to determine whether the City's ordinance requires the exhaustion of administrative remedies prior to filing suit.

To properly answer this question and review the judgments below, one must consider the two main issues raised in the City's complaint separately: (1) the collection issue encompassed in claims such as conversion and unjust enrichment and (2) the taxability claims raised in the City's request for a declaratory judgment that Hotels.com is subject to the hotel occupancy tax.

With regard to the former, the trial court properly dismissed the portion of the City's complaint seeking to collect the tax. In general, "[a]s long as there is an effective and available administrative remedy, a party is required to pursue that remedy before seeking equitable relief in superior court." (Footnote omitted.) *Cerulean Cos. v. Tiller*, 271 Ga. 65, 66 (1) (516 SE2d 522) (1999). In this case, the effective, available, and mandatory administrative remedy is set forth in both the Enabling Statutes and the City's ordinance. The Enabling Statute states that the City "shall make an estimate [of the taxes due and] shall assess and collect the taxes, interest, and penalties, as accrued, on the basis of the assessments." OCGA § 48-13-53.3 (b). The ordinance mandates that, to collect the tax, the City shall estimate the gross receipts or total room rentals subject to the tax, shall compute the tax based on this estimate, and shall give notice of this tax to the taxpayer. City Code § 146-87. It is undisputed that the City took none of these mandatory steps.[6] As a result, the City's collection action was properly dismissed.[7]

On the other hand, the City also included in its complaint a request for a declaratory judgment that Hotels.com was subject to the occupancy tax. This claim may not be subject to the requirement for exhaustion of administrative remedies. Even if it is not, however, it would only mean that the trial court erred in dismissing the City's case in its entirety instead of dismissing only the claims involving

---

[6] The fact that the ordinance indicates that a tax collection action may be filed within three years of the date on which the hotel tax becomes due or delinquent does not change this result, as the remainder of the ordinance clearly implies that the estimate, assessment, and notice requirements must first be satisfied.

[7] I would also find that the City's collection action is not one of those "rare instances" in which the requirement of exhaustion of administrative remedies should be relaxed. See *Moss v. Central State Hosp.*, 255 Ga. 403, 404 (339 SE2d 226) (1986).

collection. In any event, all of the City's current collection claims are no longer tenable and should stand properly dismissed.

The majority, however, remands the entirety of this case and gives continued viability to the City's collection claims by avoiding a pivotal question: whether the collection claims can survive on the coattails of the declaratory judgment count of the complaint even though the collection action was the sole basis for the trial court's ruling and the sole focus of the questions certified for appeal by this Court. This Court does a disservice to the parties by remanding and prolonging this case without informing the parties that the City will not be able to pursue its pending collection claims under any set of circumstances, regardless of the ultimate outcome of the declaratory action.[8] The parties should be informed that any effort to collect the tax in this pending action is terminally flawed for the reasons set forth above. At best, the City would be able to utilize a favorable ruling in its declaratory judgment action as a legal basis to begin anew a collection case pursuant to the procedures set forth in the law. The current collection case, however, is legally defunct, and it serves no purpose to sidestep this conclusion.

Without any citation to authority, the majority states: "In our view, the City cannot be required to exhaust an administrative process as a prerequisite to obtaining a determination that the ordinance prescribing the process even applies in the first place." In other words, the majority assumes that the question of taxability is a threshold issue which must be decided prior to a determination of whether a collection action has been properly pursued. This assumption is wrong. Just as it is unnecessary to determine whether a legal action is tenable prior to dismissing it when it has been filed in the wrong court, it is unnecessary in this case to determine that Hotels.com is taxable prior to dismissing the City's improperly pursued collection action.

Respectfully, I believe that the majority's analysis fundamentally mischaracterizes the nature of administrative actions to collect a tax. The majority's reasoning is based on the belief that taxability cannot be considered in the context of an administrative action. This is not true. Taxability can be addressed in the context of these required administrative procedures, since issues regarding taxability and the amount of taxes due are the hallmark of tax collection cases in general. In fact, this Court has considered taxability questions in

---

[8] Contrary to the majority, this remains true even if the trial court stayed the City's action. The only purpose for any such stay would be to allow the City to restart a collection action following the appropriate procedures because its current collection action is fatally flawed for failure to exhaust administrative remedies. Therefore, whether the collection action is stayed or dismissed is simply a distinction without a difference in this case.

just such a context. See *Ga. Dept. of Revenue v. Owens Corning*, 283 Ga. 489 (660 SE2d 719) (2008) (considering scope of exemption in OCGA § 48-8-3 (34) (A)). See also *Ethicon, Inc. v. Ga. Dept. of Revenue*, 295 Ga. App. 513 (672 SE2d 492) (2009).

Therefore, without supporting authority, without any compelling reason, and contrary to prior precedent, the majority wrongly refuses to determine that the City's collection claims are procedurally and fatally flawed.

I am authorized to state that Justice Hines joins in this dissent.

DECIDED MARCH 23, 2009 —
RECONSIDERATION DENIED APRIL 9, 2009.

*Pope, McGlamry, Kilpatrick & Morrison, Charles N. Pope, Neal K. Pope, Michael L. McGlamry, R. Timothy Morrison, Wade H. Tomlinson III, William U. Norwood III, Bryan, Cave, Powell & Goldstein, Robert M. Travis, L. Lin Wood, Jr., John R. Bielma, Jr.*, for appellant.

*Bondurant, Mixson & Elmore, Emmet J. Bondurant, Jones Day, Edward K. Smith, Robin A. Schmahl, James P. Karen, Deborah S. Sloan, Morrison & Foerster, David F. McDoweel, Skadden, Arps, Slate, Meagher & Flom, Karen L. Valihura, Darrel J. Hieber, McDermott, Will & Emery, Elizabeth B. Herrington, Katten, Muchin & Rosenman, David J. Stagman, Carol L. Morris*, for appellees.

*Lamar, Archer & Cofrin, Robert C. Lamar, David W. Davenport, Vroon & Crongeyer, John W. Crongeyer, Walter J. Gordon, Sr., Archer & Lovell, David G. Archer, Kevin A. Ross, Brinson, Askew, Berry, Seigler & Richardson, Robert M. Brinson, Norman S. Fletcher, J. Anderson Davis, Samuel L. Lucas, Ansel F. Beacham III, Susan J. Moore, Ted C. Baggett, James F. Grubiak, Michele L. NeSmith, Holland & Knight, Charles S. Johnson III, Raymond P. Carpenter*, amici curiae.